# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KANI LITTLE; HECTOR RAMOS;  :
JAMES PATTERSON, on their own  :
Behalf and on behalf of all others  :
similarly situated,  :
           Plaintiffs  :
  :    Civil Action No. 4:24-cv-02169
    v.  :
  :    **JURY TRIAL DEMANDED**
DAUPHIN COUNTY; GREGORY  :
BRIGGS, Warden of Dauphin County :
Prison, in his Individual Capacity;  :    (Judge Mehalchick)
LIONEL PIERRE, Chief Deputy  :
Warden, in his Individual Capacity,  :    (Magistrate Judge Latella)
ROGER LUCAS, Custody Major,  :
In his Individual Capacity; MARK  :
SKELTON, Lieutenant, in his  :
Individual Capacity; and JOHN DOES:
No. 1-12, in their Individual  :
Capacities,  :
           Defendants  :

## OBJECTIONS OF DEFENDANTS DAUPHIN COUNTY, GREGORY BRIGGS, LIONEL PIERRE, ROGER LUCAS, AND MARK SKELTON TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. 34) ON THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO DENY CLASS CERTIFICATION

AND NOW COMES the Defendants, Dauphin County, Gregory Briggs,

Lionel Pierre, Roger Lucas, and Mark Skelton (identified individually or as the

"County Defendants") by and through their counsel, Lavery Law,  and respectfully

file the following Objections to the Honorable Magistrate Judge Latella's August 5,

2025 Report and Recommendation (DOC.34) on the Defendants' Motion to Dismiss

Plaintiffs' Complaint and to Deny Class Certification, and in support thereof aver as follows:

1. Plaintiffs filed a Complaint on December 17, 2024.  (DOC. 1).

2. The Complaint requested class certification, but the Plaintiffs have not motioned for class certification.

3. The Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on February 18, 2025,  seeking to dismiss the claims asserted against them by Plaintiffs, and to deny Plaintiffs' request for Class Certification.  (DOC. 16).

4. On March 18, 2025, the Defendants filed a Brief in Support of their Motion to Dismiss Plaintiffs' Complaint.  (DOC. 21).

5. On April 15, 2025, the Plaintiffs filed their Brief in Opposition to the Defendants' Motion.  (DOC. 26).

6. On May 9, 2025, the Defendants filed a Reply Brief to Plaintiffs' Brief in Opposition to the Defendants' Motion to Dismiss Plaintiffs' Complaint. (DOC.29).

7. On August 5, 2025, the Honorable Magistrate Judge Leo A. Latella issued his Report and Recommendation in which he recommended granting in part,  the Defendants' Motion to Dismiss Plaintiffs' Complaint as to Plaintiffs' claims

under the Americans with Disabilities Act and the Rehabilitation Act without prejudice. (DOC. 34, p.55).

8. The Report and Recommendation recommended that the Defendants' Motion to Dismiss should be denied as to all remaining claims. (DOC. 34, p.55).

9. The Report and Recommendation recommended that the Defendants' request to deny class certification should be denied. (DOC. 34, p. 55).

10. Federal Rule of Civil Procedure 72(b)(2), Local Rule 72.3, and 28 U.S.C. § 636(b)(1) provide the procedural mechanism through which a party may obtain review of orders issued by a Magistrate Judge related to dispositive matters.

11. If the adversely affected party files timely objections to the Magistrate Judge's report and recommendation, this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

12. The County Defendants object to the Magistrate Judge's Report and Recommendation recommending that this Court should deny the County Defendants' Motion to Dismiss as to Counts 1 (Pretrial Detainees' Conditions of Confinement), 2 (Sentenced Prisoner's Conditions of Confinement), and 7 (Municipal Liability), only, in Plaintiffs' Complaint against the Defendants.

13.  The County Defendants respectfully suggest that this Court should not adopt the Magistrate Judge's Report and Recommendation to Counts 1 (Pretrial Detainees' Conditions of Confinement), 2 (Sentenced Prisoner's Conditions of Confinement), and 7 (Municipal Liability), in Plaintiffs' Complaint against the Defendants.

14.  The Defendants respectfully submit that this Court should decline to adopt the Magistrate Judge's Report and Recommendation denying the County Defendants' request to deny class certification.

15. The Magistrate Judge erred and the Report and Recommendation incorrectly recommends that this Court deny the Defendants' request to deny class certification when the Magistrate Judge applied the incorrect standard under Local Rule 23.3 and concluded that a plaintiff **should** move class determination "[w]ithin ninety (90) days after filing of a complaint in a class action, unless this period is extended on motion for good cause appearing . . ." and found that none of the reasons justify the Plaintiffs' failure to seek an extension of time under Rule 23.3. (DOC.34, pp.17-18, fn. 8).

16.  The correct standard under L.R. 23.3 is "shall."

17.  The Magistrate Judge erred, and the Report and Recommendation incorrectly recommends that this Court deny the Defendants' request to deny class certification when the Magistrate Judge incorrectly excused, after the fact, the

Plaintiffs' failure to motion for class certification or to file a motion to extend the deadline to motion for class certification.

18.  The Magistrate Judge erred, and the Report and Recommendation incorrectly recommends that this Court deny the Defendants' request to deny class certification when the Magistrate Judge incorrectly applied the rationale relied on by the court in *Hart v. Gov't Emps. Ins. Co.*, No. 4:21-CV-00859, 2023 WL 3022514 (M.D. Pa. Apr. 20, 2023) to extend the plaintiff's deadline to motion for class certification.

19.  The Magistrate Judge erred, and the Report and Recommendation incorrectly recommends that this Court deny Defendant Dauphin County's  Motion to Dismiss the Plaintiffs' Complaint as to Plaintiffs' Municipal Liability claim against Dauphin County brought under 42 U.S.C. § 1983 in Count 7 of Plaintiffs' Complaint.  (DOC. 34, pp.48-51).

20.  The Report and Recommendation incorrectly recommends that this Court deny Defendant Dauphin County's Motion to Dismiss Plaintiff's Municipal Liability claim where the Magistrate Judge incorrectly concluded that: Plaintiffs' allegations were sufficient to survive a motion to dismiss;  the Plaintiffs' "background allegations" put the County on notice of the alleged "blackout" and alleged conditions of confinement at DCP;  the County had

knowledge after the fact; failed to articulate the County's alleged deliberate indifference.

21. The Magistrate Judge erred, and the Report and Recommendation incorrectly recommends denial of the Defendants' Motion to Dismiss Plaintiffs' Complaint as to Defendants Briggs's and Pierre's personal involvement in the Pretrial Detainees' Conditions of Confinement in Count 1 of Plaintiffs' Complaint.  (DOC. 34, pp. 21-25).

22. The Magistrate Judge erred, and the Report and Recommendation incorrectly recommends denial of the County Defendants' Motion to Dismiss Plaintiffs' Complaint as to Defendants Briggs's and Pierre's personal involvement Sentenced Prisoner's Conditions of Confinement found in Count 2 of Plaintiff's Complaint.  (DOC.34, pp.26-30).

WHEREFORE, based on the foregoing and the reasons set forth in the County Defendants' Brief in Support of their Objections to the Report and Recommendation, as well as in their Motion to Dismiss Plaintiffs' Complaint (DOC.16), their Brief in Support of their Motion to Dismiss Plaintiffs' Complaint (DOC.21), and their Reply Brief to Plaintiffs' Brief in Opposition, (DOC. 29), the County Defendants respectfully object to the specific portions of the Report and Recommendation (DOC. 34) as outlined above.  The County Defendants respectfully request that this Court decline to adopt the portions of the Report and Recommendation objected to

herein and as further explained in the County Defendants' Brief in Support of their

Objections to the Report and Recommendation and grant their Motion to Dismiss as

to those portions of Plaintiffs' Complaint.

Respectfully submitted,

**Lavery Law**

Date:   September 2, 2025

 */s/ Andrew W. Norfleet*
Andrew W. Norfleet, Esquire
Atty. I.D. #83894
*/s/ Frank J. Lavery Jr.*
Frank J. Lavery Jr., Esquire
Atty. I.D. #42370
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
flavery@laverylaw.com
anorfleet@laverylaw.com

## CERTIFICATE OF SERVICE

I, Aimee L. Paukovits, an employee with the law firm of Lavery Law, do hereby certify that on this 2nd day of September 2025, I served a true and correct copy of the foregoing Objections to Report and Recommendation via the Court's ECF System on counsel of record.


*/s/ Aimee L. Paukovits*
Aimee L. Paukovits,
Senior Legal Administrative Assistant


This document has also been electronically filed and is available for viewing and downloading from the system.