## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KANI LITTLE; HECTOR RAMOS;  :
JAMES PATTERSON, on their own  :
Behalf and on behalf of all others  :
similarly situated,  :
             Plaintiffs  :
  :    Civil Action No. 4:24-cv-02169
    v.  :
  :    **JURY TRIAL DEMANDED**
DAUPHIN COUNTY; GREGORY  :
BRIGGS, Warden of Dauphin County:
Prison, in his Individual Capacity;  :
LIONEL PIERRE, Chief Deputy  :
Warden, in his Individual Capacity,  :
ROGER LUCAS, Custody Major,  :
In his Individual Capacity; MARK  :
SKELTON, Lieutenant, in his  :
Individual Capacity; and JOHN DOES:
No. 1-12, in their Individual  :
Capacities,  :
             Defendants  :

## BRIEF IN SUPPORT OF OBJECTIONS OF DEFENDANTS DAUPHIN COUNTY, GREGORY BRIGGS, LIONEL PIERRE, ROGER LUCAS, AND MARK SKELTON, ONLY,TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Respectfully submitted,

**Lavery Law**

Date:  September 2, 2025

*/s/ Andrew W. Norfleet*
Andrew W. Norfleet, Esquire
Atty. I.D. #83894
Frank J. Lavery Jr., Esquire
Atty. I.D. #42370
225 Market Street, Suite 304

Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
anorfleet@laverylaw.com
flavery@laverylaw.com

# **Table of Contents**

Table of Authorities ................................................................................. iii

I.      INTRODUCTION .................................................................1

II.     LEGAL STANDARD ...........................................................2

III.    STATEMENT OF QUESTIONS ..........................................3

1.   Whether the R&R incorrectly recommended that this Court deny the County Defendants' request to deny class certification? ....................................3

2.   Whether the R&R incorrectly recommended that this Court deny Defendant Dauphin County's request to dismiss the Plaintiffs' Municipal Liability Claim (Count 7)? ................................................................................3

3.   Whether the R&R incorrectly recommended that this Court deny Defendants Briggs and Pierre's requests to dismiss Counts 1 and 2 of the Plaintiffs' Complaint regarding their alleged personal involvement regarding the alleged living conditions at DCP? ............................................................3

IV.     ARGUMENT.........................................................................4

1.   The R&R incorrectly recommended that this Court deny the County Defendants' request to deny class certification ......................................4

   a.   Local Rule 23.3 sets forth a "shall" standard, not "should." .......................5

   b.   The Magistrate Judge incorrectly excused, after the fact,  Plaintiffs' failures to act....................................................................6

   c.   The plaintiffs in *Hart* requested an extension of the deadline ....................8

2.   The R&R incorrectly recommended that this Court deny Defendant Dauphin County's  request to dismiss the Plaintiffs' Municipal Liability Claim (Count 7) ……………………………………………………………………...10

   a.   The Magistrate Judge incorrectly concluded that Plaintiffs' allegations were "nonetheless" sufficient to survive a motion to dismiss...........................10

   b.   None of the Plaintiffs' "background allegations" put the County on notice of the alleged "blackout" and alleged conditions at DCP .................................12

   c.   The Magistrate Judge incorrectly concluded that the County had knowledge of or acquiesced in the complained actions after the fact ..............13

d.    The Magistrate Judge failed to articulate the County's alleged deliberate indifference. ...................................................................................14

3.    The Magistrate Judge incorrectly determined that the Plaintiffs alleged enough to "nudge" the personal involvement claims of the pre-trial detainee group under the Fourteenth Amendment and the post-sentence prisoners under the Eighth Amendment against Defendants Briggs and Pierre "across the line" from conceivable to plausible. .............................................................15

V.    CONCLUSION.................................................................................19

CERTIFICATION PURSUANT TO MIDDLE DISTRICT RULE L.R. 7.8(b)(3). ...........................................................................................................21

CERTIFICATE OF SERVICE .............................................................22

# **Table of Authorities**

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................3

*Bd. Of Cnty. Comm'rs of Bryan Cnty. V. Brown*, 520 U.S. 397 (1997) .................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ...................3

*Bellan v. Cap. Bluecross*, 2021 U.S. Dist. LEXIS 273071 (M.D. PA. January 19, 2021) .................................................................................................................7

*Brown v. Astrue*, 649 F.3d 193 (3d Cir. 2011) ..........................................................2

*Brown v. Muhlenberg Twp*., 269 F.3d 205 (3d Cir. 2001) ......................................12

*Canton v. Harris*, 489 U.S. 378 (1989) ..................................................................12

*Chipego v. Five Star Bank*, 2017 U.S. Dist. LEXIS 52904 (M.D. PA. April 6, 2017) .................................................................................................................7

*City of St. Louis v. Prapotnik*, 485 U.S. 112 (1988) ........................................ 12, 14

*DeRaffele v. City of Williamsport*, 2018 U.S. Dist. LEXIS 75602 ...................... 2-3

*Forest v. Parry*, 930 F.3d 93 (3d Cir. 2019) ..........................................................15

*Hart v. Gov't Emps. Ins. Co*., No. 4:21-CV-00859, 2023 WL 3022514 (M.D. Pa. Apr. 20, 2023) ........................................................................................8, 9

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198 (3d Cir. 2002) ..........17

*Johnson v. Ally Fin. Inc*., 2016 U.S. Dist. LEXIS 153929 (M.D. PA. November 7, 2016) ..............................................................................................................5, 10

*Kramer v. City of New Kensington*, 2015 WL 5672640 (W.D. Pa. Sept. 25, 2015) .2

*McDermott v. Clondalkin Grp*., *Inc.*, 649 F. App'x 263 (3d Cir. 2016) .......... 16, 17

*Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .................................................................................12

*Morris v. Computer Credit, Inc*., 2010 U.S. Dist. LEXIS 94430 (M.D. PA. September 10, 2010) .........................................................................................7

*Natale v. Camden County Corr. Facility*, 318 F.3d 575 (3d Cir. 2003)............ 11-12

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988)..............................................16

*Seplow v. Closing Pro, Inc*., 717 F. Supp. 3d 427,436 (E.D. Pa. 2024) ...................9

*Sheller v. City of Philadelphia*, 288 F.R.D. 377 (E.D. Pa. 2013) ............................9

*Talley v. Sup. Ct. of Pa*., 2023 U.S. Dist. LEXIS 211626 (M.D. PA. November 28, 2023) ........................................................................6

*Univac Dental Co. v. Dentsply Intern*., *Inc.*, 702 F. Supp.2d 465 (M.D. Pa. 2010)..3

*Wolfe v. Sunbury*, No. 4:24-CV-00251, 2024 U.S. Dist. LEXIS 219959 (M.D. Pa. Dec. 5, 2024) .......................................................................................12

**Statutes**

28 U.S.C. § 636 ..................................................................................................2

**Other Authorities**

3rd Cir. Model Civ. Jury Instr. § 4.6.5 (2024) ...........................................13

**Rules**

Fed. R. Civ. P. 23 .......................................................................... 4, 5, 6, 7
M.D. Pa. L.R. 72 ...............................................................................................2

## I.    <u>INTRODUCTION</u>

Defendants Dauphin County, Gregory Briggs, Lionel Pierre, Roger Lucas, and Mark Skelton (hereinafter identified individually or as the "County Defendants") filed a Motion to Dismiss Plaintiffs' Complaint seeking to dismiss the claims asserted against them by the Plaintiffs. (DOC.16).[1]  The County Defendants also requested the Court deny Plaintiffs' class certification.  The County Defendants filed a Brief in Support of the Motion to Dismiss.  (DOC.21).  The County Defendants filed a Reply Brief to Plaintiffs' Brief In Opposition to the Motion to Dismiss.  (DOC.29).   On August 5, 2025, Magistrate Judge Leo A. Latella issued his Report and Recommendation ("R&R"). (DOC. 34).   The Magistrate Judge recommended granting the County Defendants' Motion to Dismiss Plaintiffs' Complaint as to Plaintiffs' claims under the Americans with Disabilities Act and the Rehabilitation Act without prejudice. (DOC. 34, p.55).  The R&R recommended denying the County Defendants' Motion to Dismiss as to Plaintiffs' remaining claims.  (DOC. 34, p.55).  The Magistrate Judge also recommended that the Court deny the County Defendants' request to deny class certification without prejudice to raise the issue when Plaintiffs file a motion for class certification.  (DOC. 34, p.18).

---

[1] Plaintiffs' Complaint names up to twelve (12) John Doe Corrections Officers.  Undersigned counsel does not represent the unidentified John Doe Defendants.

## II.    <u>**LEGAL STANDARD**</u>

Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.3 provide the procedural mechanism through which a party may obtain review of orders issued by a Magistrate Judge related to dispositive matters. A magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations." See, also, 28 U.S.C. § 636(b)(1)(B).  Any party may file written objections to a magistrate's proposed findings and recommendations.  See, 28 U.S.C. § 636 *et seq.*, and Rule 72(b) of the Federal Rules of Civil Procedure.  The written objections must "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." See M.D. Pa. L.R. 72.3.  The district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).   "*De novo* review" of a dispositive order, findings, or recommendation by a Magistrate Judge means that the Court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered.  *Kramer v. City of New Kensington*, 2015 WL 5672640, *7 (W.D. Pa. Sept. 25, 2015).  For portions of the Report and Recommendation to which no objection is made, a court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *DeRaffele v. City of Williamsport*,

2018 U.S. Dist. LEXIS 75602 at *3, citing *Univac Dental Co. v. Dentsply Intern.,
Inc.*, 702 F. Supp.2d 465, 469 (M.D. Pa. 2010) (additional citations omitted).

While the district court must accept all reasonable inferences that can be
drawn from the factual allegations in the complaint (see, *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007), the court is not required to
accept legal conclusions or a formulaic recitation of the elements as a cause of action.
(See, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009), finding threadbare
recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice).

The County Defendants respectfully submit that the Court should decline to
adopt the Magistrate Judge's R&R as to Counts 1, 2, and 7, only, and to the Plaintiffs'
request for class certification on the following grounds:

## III.    STATEMENT OF QUESTIONS

1. **Whether the R&R incorrectly recommended that this Court deny
   the County Defendants' request to deny class certification?**

   *Suggested Answer in the Affirmative.*

2. **Whether the R&R incorrectly recommended that this Court deny
   Defendant Dauphin County's request to dismiss the Plaintiffs'
   Municipal Liability Claim (Count 7)?**

   *Suggested Answer in the affirmative.*

3. **Whether the R&R incorrectly recommended that this Court deny
   Defendants Briggs and Pierre's requests to dismiss Counts 1 and 2 of**

the **Plaintiffs' Complaint regarding their alleged personal involvement regarding the alleged living conditions at DCP?**

*Suggested Answer in the affirmative.*

## IV.   ARGUMENT

1. **The R&R incorrectly recommended that this Court deny the County Defendants' request to deny class certification**.

The Magistrate Judge acknowledged that the Plaintiffs did not motion for class certification after filing their Complaint.  Instead, the Plaintiffs requested class certification in their Complaint.  (DOC. 34, fn. 8, pp.17-18). The Magistrate Judge acknowledged that Local Rule 23.2 provides for the possibility of an extension of time to motion for class certification and found that none of the reasons offered by the Plaintiffs justify their failure to seek an extension.  (DOC. 34, fn.8, pp.17-18). However, the Magistrate Judge applied the wrong standard set forth in  L.R. 23.3, writing that L.R. 23.3 states that a plaintiff **should** move for class determination within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion for good cause.  (DOC. 34, fn.8).  (Emphasis added).

The Plaintiffs filed their Complaint on December 17, 2024.  (DOC.1).  Thus, the Plaintiffs' motion for class certification was due on or about March 17, 2025. There is no question that the Plaintiffs did not file their motion for class certification. Likewise, there is no question that, although allowed  under L.R. 23.3, the Plaintiffs did not seek an extension of the 90-day period to motion for class certification.  (See,

4

*Johnson v. Ally Fin. Inc*., 2016 U.S. Dist. LEXIS 153929 (M.D. PA. November 7, 2016), where the plaintiff motioned to suspend the 90-day class certification provision of the Local Rules of Court for the Middle District of Pennsylvania for good cause and where the court suspended the requirement of a class action determination and required the parties to propose a new class determination motion deadline.).

### a.   Local Rule 23.3 sets forth a "shall" standard, not "should."

The Magistrate applied the incorrect standard to the Plaintiffs' duty to file for an extension of time to motion for class certification under Local Rule 23.3.  The Magistrate Judge correctly stated that class actions are governed by Federal Rule of Civil Procedure 23, which does not provide a specific timeframe in which class certification must be sought. (DOC. 34, p.14, citing Fed. R. Civ. P. 23(c)(1)(A)). The Magistrate Judge also correctly stated that some district courts, like this Court, have adopted local rules providing a specific time within which a party must move for a class determination.  Regarding the specific time set forth by this Court, the Local Rules for the Middle District require that:

> Within ninety (90) days after filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff **shall** move for a determination under subdivision (c)(1) of Fed. R. Civ. P. 23, as to whether the case is to be maintained as a class action**.** In ruling upon such a motion, the court may allow the action to be so maintained, may disallow and strike the class action allegations, **or may order postponement of the determination pending discovery** or such other preliminary procedures as appear to be appropriate and necessary in the circumstances. Whenever

possible, where it is held that the determination should be postponed, a date will be fixed by the court for renewal of the motion before the same judge.

*See,* L.R. 23.3. (Emphasis added).  The Magistrate Judge erred in concluding that L.R. 23.3 states that a plaintiff "should" file a motion for class certification within ninety (90) days after filing a complaint.  The standard set forth in L.R. 23.3 is "shall," not "should."  *See*, *Talley v. Sup. Ct. of Pa*., 2023 U.S. Dist. LEXIS 211626 at *8 (M.D. PA. November 28, 2023) (finding that under Local Rule 23.3, a plaintiff seeking to proceed with a class action **must** file a motion to certify the class within ninety (90) days of filing the complaint.) (Emphasis added).  Therefore, the Magistrate Judge's analysis of the Plaintiffs' requirement to file a timely motion for class certification is flawed because the wrong standard was applied.  Because the Magistrate Judge concluded that none of the reasons offered by the Plaintiffs justify their failure to seek an extension (DOC. 34, fn.8, pp.17-18), the Plaintiffs' motion for class certification should have been denied.  This Court should elect to not adopt the Magistrate Judge's recommendation to deny the Defendants' request to deny class certification.

      b.  <u>The Magistrate Judge incorrectly excused, after the fact,  Plaintiffs' failures to act.</u>

In addition to applying the incorrect standard under L.R. 23.3, the Magistrate Judge incorrectly excused the Plaintiffs' failure to file a timely motion for class certification or failing to seek an extension of the period to do so.  In *Chipego v. Five*

*Star Bank*, 2017 U.S. Dist. LEXIS 52904 at *2 (M.D. PA. April 6, 2017), the court *sua sponte* dismissed the plaintiffs' class action allegations for failing to motion for class certification within the time permitted by L.R. 23.3.  In *Chipego*, the plaintiffs' complaint contained no class action allegations, but the plaintiffs' amended complaint contained averments that attempted to meet the requirements of L.R. 23.2. *Id*. at *4.  The court stated that L.R. 23.3 contains "one more requirement for class actions" . . . that the plaintiff shall move for a determination under subdivision (c)(1) of Fed.R.Civ.P.23 as to whether the case is to be maintained as a class action unless the period is extended on motion for good cause appearing.  *Id*.  Because the plaintiffs did not file a motion for class certification determination and the time for filing had passed, the court determined that the case would not proceed as a class action because plaintiffs failed to file a timely motion. *Id.*  (*See, also*, *Bellan v. Cap. Bluecross*, 2021 U.S. Dist. LEXIS 273071 (M.D. PA. January 19, 2021) at *5-6, where the court found that, absent any explanation regarding why Rule 23 class certification was not raised with the court prior to the expiration of the permitted time to do so, this weighed against granting an extension of the deadline for class certification, and denied the plaintiff's motion to extend the deadline.  Likewise, in *Morris v. Computer Credit, Inc*., 2010 U.S. Dist. LEXIS 94430 at *3-4 (M.D. PA. September 10, 2010), the court declined to address whether the plaintiff met the requirements for class certification where the plaintiff's motion was denied as

untimely.  *Id.*  Here, after acknowledging the Plaintiffs failed to timely motion for

class certification, to seek an extension of the deadline, and finding the Plaintiffs

offered no reasons to justify a failure to seek an extension, the Magistrate Judge,

after the fact, found the Plaintiffs showed good cause for their failures:  their need

for discovery.  (DOC. 34, p.17).  The Magistrate Judge's recommendation cuts the

legs from under L.R. 23.3 requiring a plaintiff shall motion for class certification

within ninety (90) days.  Therefore, this Court should decline to adopt the Magistrate

Judge's recommendation.

> c.   The plaintiffs in *Hart* requested an extension of the deadline.

The Magistrate Judge also erred by misapplying the court's analysis in *Hart*

*v. Gov't Emps. Ins. Co.* where the court granted the plaintiff's motion for an

extension of the deadline for their motion for class certification.  *Hart v. Gov't Emps.*

*Ins. Co.*, No. 4:21-CV-00859, 2023 WL 3022514 (M.D. Pa. Apr. 20, 2023). In *Hart*,

the court excused the plaintiffs' failure to seek an extension of the deadline.  The

court acknowledged that, like here, the plaintiffs did not file a timely motion for

class certification.  *Id.*  The difference in *Hart* is the action taken by the plaintiff.  In

*Hart,* the court examined the issue of good cause for a late motion for certification

**after** the plaintiffs filed their motion for class certification.  Here, the Plaintiffs did

not file a motion for class certification and the Magistrate Judge determined that the

Plaintiffs offered no reason to explain why they failed to file for an extension of the deadline. (DOC. 34, fn.8. pp.17-18).

Likewise, the Magistrate Judge cited *Sheller v. City of Philadelphia*, 288 F.R.D. 377, 384 (E.D. Pa. 2013) as an example of a court refusing to deny class certification based on the failure to comply with "the letter" of the timeframe set forth in the local rule. (DOC. 34, pp.17-18). First, the County Defendants note that, like *Hart*, the court in *Sheller* had the Plaintiffs' motion for class certification under Fed. R. Civ. P. 23 before it. *Sheller*, 288 F.R.D. at 379. Further, the court in *Sheller* noted that the plaintiffs' failure to move for certification within ninety (90) days of the filing of the complaint was caused by ongoing settlement negotiations between the parties and because the case was placed in civil suspense. *Id*. The court concluded that the plaintiffs' failure to comply with the letter of the law was excused by the circumstances of the case. *Id*. Here, the Magistrate Judge found that the Plaintiffs did not offer reasons for failing to motion for class certification within ninety (90) days or request an extension of time to do so. (DOC. 34, fn. 8, pp.17-18). Therefore, this case is not procedurally similar to Sheller and the Magistrate Judge opined that the Plaintiffs have not shown good cause why they did not seek an extension of time to motion class certification.

The Magistrate Judge also cites *Seplow v. Closing Pro, Inc*., 717 F. Supp. 3d 427, 436 (E.D. Pa 2024) where the court held that class allegations are rarely struck

prior to the class certification stage. (DOC. 34, p.16). There, the defendants motioned to strike the plaintiff's class action allegations. *Id*. at 436. The defendants sought to strike the plaintiffs' class action claims based on the underlying claims – unjust enrichment and claims brought under the catch-all provision of Pennsylvania's Unfair Trade Practices and Consumer Products Law – not on the plaintiffs' failure to comply with a local rule of court or to show good cause why they failed to motion to an extension of time to comply with the local rule. *Id*. at pp.436-437.

The Magistrate Judge failed to explain why the Plaintiffs should be excused for failing to file a motion to stay or to extend the deadline to motion for class certification and support their request with their argument that they require discovery.[2] The Court should decline to adopt the Magistrate Judge's recommendation to deny the County Defendants' request to deny class certification.

2.  **The R&R incorrectly recommended that this Court deny Defendant Dauphin County's request to dismiss the Plaintiffs' Municipal Liability Claim (Count 7).**

   a.  The Magistrate Judge incorrectly concluded that Plaintiffs' allegations were "nonetheless" sufficient to survive a motion to dismiss.

---

[2] The Plaintiffs could have asked the Court to extend the deadline as the plaintiff did in *Johnson v. Ally Fin. Inc*., 2016 U.S. Dist. LEXIS 153929 (M.D. PA. November 7, 2016). There, the plaintiff motioned to suspend the 90-day class certification provision of the Local Rules of Court for the Middle District of Pennsylvania for good cause and the court suspended the requirement of a class action determination and required the parties to propose a new class determination motion deadline.

The Magistrate Judge incorrectly concluded that the Plaintiffs' threadbare and conclusory allegations satisfy the pleading requirement for municipal liability against the County. The Magistrate Judge acknowledged that the Plaintiffs' allegations against the County are found, in their entirety, at paragraphs 315-18 of the Complaint. (DOC. 34, p.49; DOC.1, ¶¶ 315-18). Specifically, the Magistrate Judge referred to Plaintiffs' claim that:

> The Dauphin County Jail Oversight Board and its municipal policymakers were aware of and [sic] deliberately indifferent to Defendant Warden Briggs' imposition of a blackout and punitive deprivations on RHU residents during the relevant time period, demonstrating its acquiescence in and tacit ratification of those actions.

(DOC. 34, p. 49, citing DOC. 1, ¶315). Here, the Magistrate Judge acknowledged the Defendants' arguments related to the Plaintiffs' barebone and conclusory statements relied on to support their municipal liability claims, but incorrectly found that "nonetheless," Plaintiffs' allegations are sufficient to survive a motion to dismiss. (DOC. 34, p.51). The Magistrate Judge offered no further discussion as to the specific allegations made by the Plaintiffs that he found sufficient to recommend that the County Defendants' Motion to Dismiss be denied. This is an error.

Municipalities are only liable for their own acts, not the acts of their employees. A Section 1983 claim against a municipality must show an underlying constitutional violation caused by the municipality's execution of municipal policy, custom, or training. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d

Cir. 2003); *Canton v. Harris*, 489 U.S. 378, 385 (1989). The municipality's actions must be the "moving force" behind a constitutional violation. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Municipalities act through a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. This includes unconstitutional practices which are so permanent and well settled as to constitute a custom or usage with the force of law. *City of St. Louis v. Prapotnik*, 485 U.S. 112, 117 (1988). Demonstrating such a custom requires a history of past similar violations. *See, Wolfe v. Sunbury*, No. 4:24-CV-00251, 2024 U.S. Dist. LEXIS 219959, at *22 (M.D. Pa. Dec. 5, 2024) ("The very definition of a widespread custom or practice implies that it is something that has happened more than once."); *Brown v. Muhlenberg Twp*., 269 F.3d 205, 215 (3d Cir. 2001) ("A custom . . . must have the force of law by virtue of the persistent practice of state [or municipal] officials.") (internal quotation marks omitted and emphasis added).

      b.  <u>None of the Plaintiffs' "background allegations" put the County on notice of the alleged "blackout" and alleged conditions at DCP.</u>

The Magistrate Judge also incorrectly credited the Plaintiffs with pointing to background allegations made in the Complaint that describe "well-known and documented problems" at DCP. (DOC. 34, p. 50). The "background allegations" relied on by the Magistrate Judge, found at paragraphs 35-41 of the Complaint, include a general claim that DCP has a reputation as a troubled prison facility (DOC.

1, ¶35); a conclusory statement that the "potential role" of DCP staff in "many" of these deaths have been inadequately investigated or "whitewashed" (*Id*. at ¶37); and DCP has a disproportionately high rate of overdoses in custody, without providing further explanation of the alleged disproportionate rate of overdoses compared to other correctional facilities. (*Id*. at ¶38). The Magistrate Judge did not discuss or rely on an alleged history of past similar violations, including the "blackout" at DCP. The Magistrate Judge did not conclude that the Plaintiffs' allegations in paragraphs 35-41 of the Complaint alleged that the Dauphin County Jail Oversight Board was aware of any alleged past similar conduct of allegedly imposing a blackout or punitive measures on RHU residents. (DOC. 34, pp.50-51).

        c.  <u>The Magistrate Judge incorrectly concluded that the County had knowledge of or acquiesced in the complained actions after the fact.</u>

The Magistrate Judge also incorrectly concluded that the Plaintiffs sufficiently alleged the County had knowledge of or acquiesced in the complained actions and/or agreed to the alleged constitutional violations after they occurred. (DOC. 34, pp.49-50, citing DOC. 26, pp.34-35). As to the County's alleged knowledge after the fact, the Plaintiffs offered only a recitation as to how liability may arise if a policymaker has "agreed after the fact" to a subordinate's decision to engage in a constitutional violation. (*See*, DOC. 26, p.35, citing 3ʳᵈ Cir. Model Civ. Jury Instr. § 4.6.5 (2024)). The Plaintiffs stated in conclusory fashion that liability may attach "if those policymakers approve or ratify the decision." *Id*., citing *City of St. Louis v.*

*Paprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion).  The Magistrate Judge failed to recognize that the Plaintiffs did not allege that the Prison Oversight Board approved or ratified alleged decisions made by Briggs after the fact related to the "blackout" or other conditions alleged in the Complaint.  (DOC. 34, p.50).  Instead, the Magistrate Judge incorrectly accepted the Plaintiffs' claim that they established "the board" was on full notice about the well-known and documented problems the facility was experiencing.  (DOC. 34, p.50, relying on DOC. 26, p.35).  To the contrary, the Plaintiffs did not establish that "the board" was on notice of a history of past similar violations allegedly approved by Briggs.  Therefore, the Magistrate Judge erred in concluding that Plaintiffs' relatively bareboned and conclusory statements were "nonetheless" sufficient to survive a motion to dismiss.  The Court should decline to adopt the Magistrate Judge's recommendation related to Plaintiffs' municipal liability claim.

   d.   <u>The Magistrate Judge failed to articulate the County's alleged deliberate indifference</u>.

   The Magistrate Judge failed to articulate how the County allegedly acted with deliberate indifference toward the Plaintiffs and others housed at DCP.  Deliberate indifference is a stringent standard of fault.  *Bd. Of Cnty. Comm'rs of Bryan Cnty. V. Brown*,520 U.S. 397, 410 (1997).  Deliberate indifference requires  a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of

employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights. *Forest v. Parry*, 930 F.3d 93, 105-106 (3d Cir. 2019). The Magistrate Judge did not articulate how the unidentified County policymakers knew Briggs would confront this particular situation, that the County was aware that Briggs had a history of mishandling similar situations, or that Briggs's alleged decisions frequently caused the deprivation of constitutional rights. Therefore, the Magistrate Judge failed to articulate how the Plaintiffs established the County's deliberate indifference.

### 3. The Magistrate Judge incorrectly determined that the Plaintiffs alleged enough to "nudge" the personal involvement claims of the pre-trial detainee group under the Fourteenth Amendment and the post-sentence prisoners under the Eighth Amendment against Defendants Briggs and Pierre "across the line" from conceivable to plausible.

The Plaintiffs in this matter fall into two categories, pretrial detainees, and sentenced prisoners.  (DOC. 34, p.21).  The Plaintiffs in both groups allege that they were subjected to conditions at DCP that violated their rights under the Fourteenth Amendment and Eight Amendment, respectively. The Fourteenth Amendment claims are found in Plaintiffs' First Cause of Action against Briggs and Pierre, only. (DOC.1, ¶¶ 263-270).  The Eighth Amendment claims, also brought against Briggs and Pierre, only, are found in Plaintiffs' Second Cause of Action. *Id*. at ¶¶ 271-277. As to Briggs's and Pierre's alleged involvement in the actions allegedly leading to Plaintiffs' claims, the Magistrate Judge recognized that a defendant in a civil rights

action must have personal involvement in the alleged wrongs.  (DOC. 34, p.28).  The Magistrate Judge also recognized that liability allegations against an individual defendant cannot be predicated solely on the operation of *respondeat superior* but can be shown through allegations of personal direction or of actual knowledge and acquiescence. *Id*. at pp. 28-29.   Finally, the Magistrate Judge recognized that allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity.  *See*, *Id*., *citing Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  The Magistrate Judge, however, improperly concluded that while the Plaintiffs  were permitted to rely on allegations primarily made based on "information and belief," that the Plaintiffs alleged enough to "nudge" the claims that Briggs and Pierre participated in, approved, or had knowledge of, and acquiesced to the conditions of confinement alleged by Plaintiffs.  (DOC. 34, p.30).

Specifically, the Magistrate Judge incorrectly applied the analysis in *McDermott v. Clondalkin Grp*., *Inc.*, 649 F. App'x 263 (3d Cir. 2016). The Magistrate Judge relied on the following portions of the Complaint to find that the Plaintiffs alleged both direct participation and actual knowledge and acquiescence against Briggs and Pierre where:

- At Paragraph 68, the Plaintiffs alleged, on information and belief, that Briggs and Pierre directed DCP staff to seize the inmates' tablets and were fully aware of the operation (DOC.34, p.29);
- At Paragraph 78, the Plaintiffs alleged, again on information and belief, that Briggs and Pierre "directed staff to conduct the search and seizure of all Plaintiffs' personal belongings (*Id*.);

- Correctional officers told people that were held on P-6 that the order to cut power came directly from Briggs (*Id*.); and
- At Paragraph 101 the Plaintiffs aver "on information and belief" that Pierre participated in, was fully aware of, and agreed with Briggs's decision to cut the power (*Id*.).

The Magistrate Judge recognized the Defendants' argument that many, but not all, of the allegations in the Complaint are based on information and belief. *Id*.[3] The Magistrate Judge then reasoned that the Third Circuit explained that pleading upon information and belief is permissible "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control"—so long as there are no "boilerplate and conclusory allegations" and "[p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible*." McDermott v. Clondalkin Grp., Inc.,* 649 F. App'x 263, 268 (3d. Cir. 2016)*, citing In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (additional citations omitted).[4] The Magistrate Judge misapplied the analysis set forth in *McDermott* to find sufficient Plaintiffs' allegations based only on "information and belief."

---

[3] The Defendants maintain that all of Plaintiffs' allegations regarding the alleged personal involvement of Briggs and Pierre are based on "information and belief." The Magistrate Judge acknowledged that the Plaintiffs relied on the claim of "information and belief" for three of the four allegations. (DOC. 34, p.29). The only allegation not supported by "information and belief" is a claim that unidentified individuals told unidentified correctional officers that Briggs gave the order to "cut power." *Id.*

[4] *McDermott* is a non-precedential opinion under the Third Circuit Internal Operating Procedure Rule 5.7 and is not to be regarded as precedents that binds the Court.

Here, the Plaintiffs provide no factual allegations against Briggs and Pierre beyond their claims based upon information and belief that suggest Briggs and Pierre were personally involved in "the blackout" and "accompanying conditions." First, while it is possible that some of this information is peculiarly within the Defendants' control, the information related to statements made by unidentified known inmates/detainees to unidentified corrections officers cannot be peculiarly within the Defendants' control. Second, the Magistrate Judge, with little explanation, incorrectly concluded that the Plaintiffs' theory of the personal involvement of Briggs and Pierre rises beyond the level of possible to plausible. The Magistrate Judge does not address the boiler plate and conclusory allegations relied on by the Plaintiffs, without additional factual allegations, to make their theoretically viable claims plausible. Specifically, each of Plaintiffs' allegations cited by the Magistrate Judge consist of conclusory statements/boiler plate language to satisfy particular elements necessary to show the alleged personal involvement of Briggs and Pierre:

- Paragraph 68 relies on conclusory statements made upon information and belief to support Plaintiffs' legal theory that Briggs and Pierre **directed** staff and were fully **aware** of "the operation" without further factual allegations that make their claim viable;
- Paragraph 78 relies on conclusory statements made upon information and belief to support Plaintiffs' legal theory that Briggs and Pierre **directed** staff to seize all Plaintiffs' personal belongings without further factual allegations that make their claim viable; and
- Paragraph 101 relies on conclusory statements made upon information and belief to support Plaintiffs' legal theory that Pierre participated in, was fully **aware** of, and agreed with Briggs's decision to "cut the power."

18

(DOC. 34, p.29).  The Magistrate Judge failed to identify the factual allegations regarding the personal involvement of Briggs and Pierre that "nudge" these allegations "across the line from conceivable to plausible." *Id*.  Without identifying the additional factual allegations that support Plaintiffs' allegations made only on information and belief, Plaintiffs' allegations of personal involvement remain conclusory under the standard in *McDermott* and the Magistrate Judge erred.  The Court should decline to adopt the Magistrate Judge's recommendation that the Court deny the Defendants' motion to dismiss the Plaintiffs' Fourteenth Amendment and Eighth Amendment claims related to conditions of confinement at DCP.

## V.    <u>**CONCLUSION**</u>

WHEREFORE, for the reasons set forth herein and in the County Defendants' Objections to the Magistrate Judge's Report and Recommendation, the County Defendants respectfully request that this Court should refrain from adopting the Magistrate Judge's Report and Recommendation as to Plaintiffs' Counts 1 (Pretrial Detainees' Conditions of Confinement), 2 (Sentenced Prisoner's Conditions of Confinement), and 7 (Municipal Liability against Dauphin County), only.

Respectfully submitted,

**Lavery Law**

Date:   September 2, 2025

*/s/ Andrew W. Norfleet*
Andrew W. Norfleet, Esquire
Atty. I.D. #83894

*/s/ Frank J. Lavery Jr.*
Frank J. Lavery Jr., Esquire
Atty. I.D. #42370
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
flavery@laverylaw.com
anorfleet@laverylaw.com

## <u>CERTIFICATION PURSUANT TO MIDDLE DISTRICT</u>

## <u>RULE L.R. 7.8(b)(3)</u>

The undersigned counsel hereby certifies that the foregoing Brief complies with the Local Rule 7.8(b)(3) to file a Brief in Support that does not exceed 5,000 words. This Brief is 4,767 words. Counsel relied upon the word count feature of the word processing system used to prepare the brief in obtaining the foregoing number.

DATE:  September 2, 2025                               */s/  Andrew W. Norfleet.*
                                                                      Andrew W. Norfleet, Esquire
                                                                      Attorney No. PA 83894

## **CERTIFICATE OF SERVICE**

I, Aimee L. Paukovits, an employee with the law firm of Lavery Law, do hereby certify that on this 2nd day of September 2025, I served a true and correct copy of the foregoing Brief via the Court's ECF System on counsel of record.


*/s/ Aimee L. Paukovits*
Aimee L. Paukovits,
Senior Legal Assistant


This document has also been electronically filed and is available for viewing and downloading from the system.