## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KANI LITTLE, *et al.*,

              Plaintiffs,

      v.

DAUPHIN COUNTY, *et al.*,

             Defendants.

CIVIL ACTION NO. 4:24-CV-2169

(MEHALCHICK, J.)

## MEMORANDUM

On December 17, 2024, Plaintiffs Kani Little, Hector Ramos, and James Patterson (collectively, "Plaintiffs"), filed this class action lawsuit on behalf of themselves and similarly situated individuals against Defendants Dauphin County, Gregory Briggs ("Briggs"), Lionel Pierre ("Pierre"), Roger Lucas ("Lucas"), Mark Skelton ("Skelton"), and John Does #1-12 (collectively, "Defendants"). (Doc. 1). Presently before the Court is a report and recommendation filed by Magistrate Judge Leo A. Latella ("the Report") recommending that the Court deny Dauphin County, Briggs, Pierre, Lucas, and Skelton's (collectively, "Moving Defendants") request to deny class certification, and grant in part and deny in part Moving Defendants' motion to dismiss. (Doc. 34). On September 2, 2025, Moving Defendants filed a timely objection to the Report along with a brief in support. (Doc. 38; Doc. 39). Based on the Court's review of the relevant filings along with the Report, Moving Defendants' objection (Doc. 38) is **OVERRULED**, and the Report (Doc. 34) will be **ADOPTED IN ITS ENTIRETY**.

## I.    LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and

recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## II. DISCUSSION

Since the Report correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 34). However, the necessary background for the purpose of the instant Memorandum is as follows. Plaintiffs and the purported class members in this case are pre-trial detainees and post-sentence inmates who were held in the Dauphin County Prison restrictive housing unit ("RHU") at some point between 2023 through 2024 for approximately three to five months. (Doc. 1, ¶¶ 19-21). Plaintiffs allege that they suffered inhumane conditions and violations of their constitutional rights while housed in the RHU. (Doc. 1, ¶¶ 59-65). Plaintiffs specifically allege that in November 2023, prison officials became

concerned about RHU inmates smoking synthetic marijuana and began to seize tablets from all RHU inmates. (Doc. 1, ¶¶ 66-68). According to Plaintiffs, Dauphin County Prison inmates are not allowed have physical documents because of drug smuggling concerns and because of this, RHU inmates can only access physical reading materials through tablets. (Doc. 1, ¶¶ 42-44, 69-74.) This includes communications with individuals outside the facility, recreational materials, mental health materials, legal materials, and religious texts. (Doc. 1, ¶¶ 42-44, 69-74).

Plaintiffs further allege that in November 2023, Dauphin County Prison officials seized all RHU inmates' personal belongings including hygiene products, legal paperwork, writing materials, cold temperature clothing, sneakers, sheets, pillows, and blankets in response to the concerns about synthetic marijuana. (Doc. 1, ¶¶ 77-88). Plaintiffs also allege that Dauphin County Prison officials responded to the concerns about synthetic marijuana by refusing to let RHU inmates out of their cells, even to shower. (Doc. 1, ¶¶ 89-91). Plaintiffs claim that even after they were eventually allowed out of their cells to shower, it was only for fifteen minutes every three days, and the showers had black mold. (Doc. 1, ¶¶ 93-94). Plaintiffs next allege that in December 2023, Defendants ordered all electricity to RHU units be cut off which led to days of RHU inmates living in near complete darkness for fourteen hours a day in very cold conditions. (Doc. 1, ¶¶ 99-117). Finally, Plaintiffs allege that Defendants cut off water from the RHU, prison food contained debris and bugs, and Defendants did not deliver RHU inmates' medication when it was needed. (Doc. 1, ¶¶ 118-31).

Plaintiffs filed the operative complaint on December 17, 2024. (Doc. 1). In the complaint, Plaintiffs seek class certification for "all persons confined at Dauphin County

3

Prison in Units P-3, P-5, and/or P-6 of the Restrictive Housing Unit at any point from November 16, 2023, to December 19, 2023." (Doc. 1, ¶ 254). Plaintiffs further seek to represent three subclasses consisting of 1) class members whose constitutional claims arise under the Fourteenth Amendment, 2) all class members whose constitutional claims arise under the Eighth Amendment, and 3) all class members "who had a diagnosed mental health condition reflected in their official [Dauphin County Prison] records during the Class Period." (Doc. 1, ¶ 255). Plaintiffs assert eight counts under federal law. (Doc. 1, ¶¶ 263-323).

Only Counts I, II, and VII are relevant to Moving Defendants' objection. (Doc. 38; Doc. 39). In Count I, Plaintiffs allege Briggs and Pierre violated the Fourteenth Amendment by unreasonably depriving Plaintiffs and subclass members of basic human needs. (Doc. 1, ¶¶ 263-70). In Count II, Plaintiffs allege Briggs and Pierre violated the Eighth Amendment by depriving Plaintiffs and subclass members of basic human needs and by being deliberately indifferent to Plaintiffs health and safety. (Doc. 1, ¶¶ 271-77). In Count VII, Plaintiffs allege Dauphin County is liable for its knowledge of and acquiescence to Dauphin County Prison officials' unconstitutional mistreatment of Plaintiffs and class members. (Doc. 1, ¶¶ 314-18).

Moving Defendants object to three portions of the Report. (Doc. 39). First, Moving Defendants object to Judge Latella's recommendation that the Court deny Moving Defendants' request to deny class certification. (Doc. 39, at 10-16). Next, Moving Defendants object to Judge Latella's recommendation that the Court deny Moving Defendants' motion to dismiss Count VII. (Doc. 39, at 16-21). Finally, Moving Defendants object to Judge Latella's recommendation that the Court deny Moving Defendants' motion to dismiss Counts I and II. (Doc. 3, at 21-25). The Court will assess each issue in turn.

4

A. JUDGE LATELLA CORRECTLY CONCLUDED DENYING CLASS
   CERTIFICATION IS PREMATURE.

Judge Latella concluded that denying class certification is premature because the parties have not had the opportunity to conduct discovery. (Doc. 34, at 13-18). Judge Latella acknowledged that the Local Rule 23.3 requires Plaintiffs to file a motion for class certification within ninety days of filing a complaint but determined that Courts should rarely deny class certification prior to discovery. (Doc. 39, at 13-18). Moving Defendants aver that Judge Latella incorrectly interpreted Local Rule 23.3 as a suggestion rather than a requirement and argued that under the rule, Plaintiffs were required to file either a motion for class certification within ninety days of filing the complaint or file a motion for extension of time. (Doc. 39, at 10-16).

Federal Rule of Civil Procedure 23 governs class certification and states "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." While Rule 23 does not provide a specific timeline for when a court must determine whether class certification is warranted, Courts have recognized that class certification is a fact-intensive inquiry and "Rule 23 gives no license to shy away from making factual findings that are necessary to determine whether the Rule's requirements [for class certification] have been met." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012); *see also Richardson v. Bledsoe,* 829 F.3d 273, 288 (3d Cir. 2016) (noting that courts typically require a developed factual record to determine class certification); *see also Seplow v. Closing Pro, Inc.*, 717 F. Supp. 3d 427, 436 (E.D. Pa. 2024) (finding defendants face a high bar to strike class action allegations prior to discovery). Because of this, courts should rarely deny class certification prior to discovery. *See Richardson,*

829 F.3d at 288–89 (stating "'a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis'" (quoting *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013)); *see also Seplow*, 717 F. Supp. 3d at 436 (stating "class allegations are rarely struck prior to the class certification stage").

Moving Defendants' objection to the Report is based on Local Rule 23.3. Local Rule 23.3 provides:

> Within ninety (90) days after filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under subdivision (c)(1) of Fed. R. Civ. P. 23, as to whether the case is to be maintained as a class action. In ruling upon such a motion, the court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances. Whenever possible, where it is held that the determination should be postponed, a date will be fixed by the court for renewal of the motion before the same judge.

L.R. 23.3

Moving Defendants argue that Judge Latella wrongly stated that under this rule, a plaintiff "should" file a motion for class certification when the rule states the plaintiff "shall" file a motion for class certification. (Doc. 39, at 10-12). Moving Defendants further aver that Judge Latella erred in *sua sponte* granting Plaintiffs an extension to the ninety-day deadline without Plaintiffs filing a motion for an extension of time. (Doc. 39, at 12-16).

As an initial matter, the Court disagrees with Moving Defendants' assertion that Judge Latella interpreted Local Rule 23.3 as more of a suggestion than a requirement. (Doc. 39, at 10-12). Although Judge Latella stated in a footnote that under the rule a plaintiff "should" file a motion for class certification within ninety days, in the body of the Report, Judge Latella

quoted Local Rule 23.3 verbatim. (Doc. 34, at 15). Further, Judge Latella acknowledged that Plaintiffs did not comply with Local Rule 23.3. (Doc. 34, at 15, 17-18). Citing Wright & Miller's Federal Practice and Procedure, Judge Latella noted that a plaintiff's noncompliance with a local rule regarding class certification is generally not alone a sufficient basis for prematurely denying class certification. (Doc. 34, at 15).

While the Court acknowledges that Plaintiffs should have filed a motion for extension of time under Local Rule 23.3, district courts have discretion in determining the "appropriate sanction for such noncompliance" with local rules. *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018); *see also Regassa v. Brininger*, No. 4:14-CV-01122, 2019 WL 3824229, at *3 (M.D. Pa. Aug. 14, 2019), *aff'd*, No. 20-2642, 2021 WL 4738820 (3d Cir. Oct. 12, 2021). "[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000); *see also Regassa*, 2019 WL 3824229, at *3.

Here, Judge Latella articulated a sound rationale for excusing Plaintiffs' noncompliance with Local Rule 23.3. (Doc. 34, at 13-18). Judge Latella correctly determined that adjudication of class certification would need to be delayed until after discovery regardless of whether Plaintiffs filed a motion for class certification and that class certification should rarely be denied prior to discovery. (Doc. 34, at 13-18); *see Richardson*, 829 F.3d at 288–89; *see also Seplow*, 717 F. Supp. 3d at 436. Because of this, Judge Latella also correctly determined that Moving Defendants are not prejudiced by Plaintiffs' noncompliance with Local Rule 23.3 because the Court would not resolve class certification at this early stage

regardless of Plaintiffs' compliance with the rule. (Doc. 34, at 17). Accordingly, the Court **ADOPTS** the Reports recommendation that the Court **DENY** Moving Defendants' request to deny class certification. (Doc. 34, at 13-18).

### B. JUDGE LATELLA CORRECTLY DETERMINED PLAINTIFFS STATE A MUNICIPAL LIABILITY CLAIM.

In Count VII, Plaintiffs allege Dauphin County is liable for its knowledge of and acquiescence to Dauphin County Prison officials' unconstitutional mistreatment of Plaintiffs and class members. (Doc. 1, ¶¶ 314-18). Judge Latella recommended the Court deny dismissal of this claim because Plaintiffs sufficiently allege that the Dauphin County Jail Oversite Board (the "Oversite Board") had knowledge of and acquiescence to the relevant conditions in the RHU to state a claim for municipal liability. (Doc. 34, at 49-51). Moving Defendants aver that Judge Latella incorrectly determined that Plaintiffs state a claim because the allegations in the complaint regarding Dauphin County's involvement in, knowledge of, and acquiescence to the relevant conditions in the RHU are conclusory and threadbare recitations of the elements of a municipal liability claim. (Doc. 39, at 16-21).

"To plead a municipal liability claim, a plaintiff must allege that 'a [local] government's policy or custom. . . inflict[ed] the injury' in question.'" *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). A custom may be established through a municipalities' "knowledge and acquiescence" to governmental actions and "a single application of the custom suffices to establish" municipal liability. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989); *see also Williams v. City of Philadelphia*, No. CV 24-3068, 2025 WL 1758618, at *3 (E.D. Pa. June 25, 2025). "Municipal liability under § 1983 'is generally not amenable to

8

resolution at the pleading stage, as it requires a plaintiff to plead facts outside his or her personal knowledge.'" *Crosland v. City of Philadelphia*, 676 F. Supp. 3d 364, 380 (E.D. Pa. 2023) (quoting 3909 Realty LLC v. City of Philadelphia, No. CV 21-0030, 2021 WL 2342929, at *4 (E.D. Pa. June 8, 2021)); *see also Williams*, 2025 WL 1758618, at *4 (finding that somewhat general allegations regarding a municipal policy or custom are sufficient to survive a motion to dismiss because a plaintiff requires discovery to understand municipal customs and policies).

As noted by Judge Latella, Plaintiffs allege that the Oversite Board was aware of Dauphin County Prison depriving RHU residents of their possessions and imposing a "blackout." (Doc. 1, ¶ 315; Doc. 34, at 49-51). Plaintiffs further allege that the Oversite Board ratified the prison officials' actions by refusing to intervene or discipline those responsible. (Doc. 1, ¶ 315). Plaintiffs also allege that the Oversite Board is the final policy maker "for matters of prison management and administration," and that it is widely known that Dauphin County Prison has poor conditions relative to other prisons. (Doc. 1, ¶¶ 31-42). Moving Defendants aver these allegations are too general, conclusory, and threadbare to survive a motion to dismiss. (Doc. 39, at 16-21). However, Judge Latella correctly credited Plaintiffs' somewhat general allegations of knowledge and acquiesce for purposes of evaluating Moving Defendants' motion to dismiss because municipal liability claims are "'generally not amenable to resolution at the pleading stage.'" *Crosland*, 676 F. Supp. 3d at 380 (quoting *3909 Realty LLC*, 2021 WL 2342929, at *4); *see also Williams*, 2025 WL 1758618, at *4. Accordingly, the Court **ADOPTS** the Report's recommendation that the Court **DENY** Moving Defendants' motion to dismiss Count VII. (Doc. 34, at 49-51).

C. Judge Latella correctly determined dismissal of
Counts I and II is inappropriate.

In Count I, Plaintiffs allege Briggs and Pierre violated the Fourteenth Amendment by unreasonably depriving Plaintiffs and subclass members of basic human needs. (Doc. 1, ¶¶ 263-70). In Count II, Plaintiffs allege Briggs and Pierre violated the Eighth Amendment by depriving Plaintiffs and subclass members of basic human needs and by being deliberately indifferent to Plaintiffs' health and safety. (Doc. 1, ¶¶ 271-77). Judge Latella recommended the Court deny Moving Defendants' motions to dismiss both counts. (Doc. 34, at 21-30). Moving Defendants object to this recommendation because, according to Moving Defendants, Plaintiffs fail to allege that Briggs and Pierre were personally involved in the alleged constitutional violations. (Doc. 39, at 21-25).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see *Rhines v. Ball*, No. CV 3:18-1643, 2021 WL 880524, at *10 (M.D. Pa. Mar. 9, 2021). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *see* *Bravo v. City of Philadelphia*, No. CV 22-5190, 2023 WL 6133171, at *3 (E.D. Pa. Sept. 19, 2023).

Here, Plaintiffs allege "[o]n information and belief" that Briggs and Pierre directed staff to seize the RHU inmates' tablets and personal belongings. (Doc. 1, ¶¶ 68, 78). Plaintiffs

10

further allege "[o]n information and belief" that Briggs made the decision to cut the power to the RHU and Pierre participated in making that decision. (Doc. 1, ¶ 101). These allegations are sufficient to plead personal involvement because Plaintiffs allege Briggs and Pierre directly participated in the alleged illegal conduct. *See Chavarriaga*, 806 F.3d at 222 (finding allegations that an individual participated in illegal conduct establishes personal involvement); *see Bravo*, 2023 WL 6133171, at *3 (same).

Moving Defendants aver that these allegations are insufficient because they are made "[o]n information and belief." (Doc. 39, at 21-25). However, allegations in a complaint can be based on information and belief. *See McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267 (3d Cir. 2016) (nonprecedential) (stating "[defendant's argument] insinuating that the Federal Rules of Civil Procedure do not permit facts pleaded upon information and belief to serve as the sole basis for relief—is plainly incorrect")*; see also In re SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2-MC-152, 2023 WL 8006602, at *40 (W.D. Pa. Nov. 17, 2023) (stating "permitting allegations on information and belief is a practical necessity"). A plaintiff may make allegations on information and belief "'[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control'—so long as there are no '*boilerplate and conclusory allegations*' and '*[p]laintiffs ... accompany their legal theory with factual allegations that make their theoretically viable claim plausible*.'" *McDermott*, 649 F. App'x at 267–68 (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (emphasis in original)).

Here, Plaintiffs do not just assert boilerplate and conclusory allegations; they allege Pierre and Briggs directed specific allegedly unconstitutional acts and made the decision to

11

cut power to the RHU together. (Doc. 1, ¶¶ 68, 78, 101). Further, information about Briggs and Pierre's actions directing prison officials is necessarily within Defendants' knowledge and control and not Plaintiffs' because Plaintiffs were housed in high-security isolation cells when these actions were taken. (Doc. 1, ¶¶ 19-21, 135-36, 186-87, 223). Thus, Judge Latella correctly determined that Plaintiffs sufficiently alleged Briggs and Pierre had personal involvement in allegedly unconstitutional actions. (Doc. 34, at 28-30). The Court **ADOPTS** the Report's recommendation that the Court **DENY** Moving Defendants' motion to dismiss Counts I and II. (Doc. 34, at 21-30).

## III. CONCLUSION

For the forgoing reasons, the Court agrees with the Report's sound reasoning and discerns no error of law. (Doc. 34). Accordingly, the Report (Doc. 34) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. Moving Defendants' objection is **OVERRULED**. (Doc. 38). Moving Defendants' motion to dismiss (Doc. 16) is **GRANTED in part** and **DENIED in part**. Moving Defendants' motion to dismiss is **GRANTED** as to Counts III and IV of the complaint and Counts III and IV are **DISMISSED without prejudice**. (Doc. 1, ¶¶ 278-94). Moving Defendants' motion to dismiss is **DENIED** regarding the remaining counts and Moving Defendants' request to deny class certification is **DENIED**. Plaintiffs are granted leave to file an amended complaint within 21 days, or on or before October 20, 2025.

An appropriate Order follows.

Dated: September 29, 2025                    *s/ Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **United States District Judge**