UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KANI LITTLE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> DAUPHIN COUNTY, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 4:24-CV-2169 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

On December 17, 2024, Plaintiffs Kani Little, Hector Ramos, and James Patterson (collectively, "Plaintiffs"), filed this class action lawsuit on behalf of themselves and similarly situated individuals against Defendants Dauphin County, Gregory Briggs ("Briggs"), Lionel Pierre ("Pierre"), Roger Lucas ("Lucas"), Mark Skelton ("Skelton"), and John Does #1-12 (collectively, "Defendants"). (Doc. 1). On February 18, 2025, Dauphin County, Briggs, Pierre, Lucas, and Skelton (collectively, "Moving Defendants") filed a motion to dismiss. (Doc. 16). On August 5, 2025, Magistrate Judge Leo A. Latella issued a report and recommendation recommending that the Court grant in part and deny in part Moving Defendants' motion to dismiss. (Doc. 34). On September 29, 2025, the Court issued a memorandum and accompanying order adopting the report and recommendation in full. (Doc. 42; Doc. 43). On October 14, 2025, Moving Defendants filed a motion for reconsideration asking the Court to reconsider its adoption of the report and recommendation regarding class certification. (Doc. 45). For the following reasons, the Court will deny Moving Defendants' motion.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs and the purported class members in this case are pre-trial detainees and post-sentence inmates who were held in the Dauphin County Prison restrictive housing unit ("RHU") at some point between 2023 through 2024 for approximately three to five months. (Doc. 1, ¶¶ 19-21). On December 17, 2024, Plaintiffs filed the instant class action lawsuit alleging that Defendants subjected them to unconstitutional mistreatment while they were housed in the RHU. (Doc. 1). Plaintiffs did not file a motion for class certification or a motion to extend time to file a motion for class certification within ninety days of filing the complaint.

On February 18, 2025, Moving Defendants filed a motion to dismiss that included a request that the Court to preemptively deny class certification because Plaintiffs failed to move for class certification within ninety days of filing the complaint in accordance with Local Rule 23.1. (Doc. 16, at 19-20). Judge Latella recommended the Court deny this request. (Doc. 34, at 13-38). On September 2, 2024, Moving Defendants filed an objection to the report and recommendation along with an accompanying brief in support. (Doc. 38; Doc. 39). The Court adopted Judge Latella's recommendation and overruled Moving Defendants' objection. (Doc. 42, at 5-8; Doc. 43).

On October 14, 2025, Moving Defendants filed a motion for reconsideration and accompanying brief in support challenging the Court's decision on class certification. (Doc. 45). On October 24, 2025, Plaintiffs filed a brief in opposition. (Doc. 48). The matter is fully briefed and ripe for disposition.

**II.     LEGAL STANDARD**

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence.

2

*Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III.   DISCUSSION**

In their original motion to dismiss and objections, Moving Defendants argue that the Court should preemptively deny class certification because Local Rule 23.3 requires class action plaintiffs to file a motion for class certification within ninety days of filing a complaint and Plaintiffs failed to comply with that rule. (Doc. 21, at 11-12; Doc. 39, at 10-16). Both Judge Latella and the Court determined that while Plaintiffs did not comply with Local Rule 23.3, that noncompliance did not warrant taking the extraordinary step of denying class certification at the pleadings stage. (Doc. 34, at 13-18; Doc. 42, at 7-8).

Moving Defendants submit that the Court's order adopting the report and recommendation is an interlocutory order and the court may reconsider interlocutory orders "even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying[]order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" (Doc. 47, at 4) (citations omitted). Defendants further aver that the Court erred in citing to cases which did not involve violations of local rules for the proposition that courts should generally decline to decide class

3

certification prior to discovery. (Doc. 47, at 7-10). Finally, Moving Defendants contend that when adopting the report and recommendation, the Court did not properly consider the importance of compliance with local rules and the prejudice parties suffer because of violations of local rules. (Doc. 47, at 10-12).

Moving Defendants cite *Qazizadeh v. Pinnacle Health System*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016), for the proposition that motions for reconsideration are held to a less strict standard when they concern interlocutory orders "that [do] not dispose of every claim in an action." (Doc. 47, at 4). However, in *Qazizadeh*, Juge Caldwell held that while motions for reconsideration of interlocutory orders are held to a less strict standard than other motions for reconsideration, "[w]hether involving a final or interlocutory order, a motion for reconsideration is 'not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Indeed, courts routinely reject motions for reconsideration where the motions rely entirely on arguments already considered and rejected by a court. *See Ogden*, 226 F. Supp. 2d at 606 (denying a motion for reconsideration where the plaintiff repeated arguments already rejected by the court); *see also Nunez v. Harry*, No. 1:23-CV-01171, 2025 WL 2581838, at *2 (M.D. Pa. Sept. 5, 2025), *motion to certify appeal denied*, No. CV 1:23-CV-01171, 2025 WL 2825609 (M.D. Pa. Oct. 3, 2025) (same); *see also Smalis v. City of Pittsburgh*, No. 2:19-CV-1609, 2024 WL 2319508, at *2 (W.D. Pa. May 22, 2024) (same); *see also In re Discipline of Elliott J. Schuchardt, PA*, No. MC 20-720, 2020 WL 6083289, at *1 (W.D. Pa. Oct. 15, 2020) (same).

Here, the Court finds that Moving Defendants' motion for reconsideration fails to present any arguments the Court did not already consider and reject. For example, in their objections, Moving Defendants argued that Judge Latella wrongly relied on cases which stand for the proposition that courts rarely deny class certification prior to discovery but did not involve plaintiffs who failed to comply with a court's local rules. (Doc. 39, at 14-16). Moving Defendants now aver that this Court erred in citing similar caselaw. (Doc. 47, at 7-10). However, the Court already considered Moving Defendants' argument and determined that because courts have discretion in enforcing their own local rules, Judge Latella correctly determined that Plaintiffs' violation of Local Rule 23.3 did not warrant taking the unusual step of denying class certification prior to discovery. (Doc. 42, at 7-8).

Moving Defendants further aver that the Court wrongly determined that there is a sound rationale for departing from strict compliance with Local Rule 23.3 and that Moving Defendants were not prejudiced by Plaintiffs violating Local Rule 23.3. (Doc. 47, at 11-12). However, both Judge Latella and this Court previously determined that compliance with the general rule that class certification should not be determined prior to discovery is a sound rationale for excusing a violation of Local Rule 23.3, and Moving Defendants fail to cite any caselaw indicating such a rationale is insufficient. (Doc. 34, at 15-18; Doc. 42, at 7-8; Doc. 47). Further, both Judge Latella and this Court also determined that while Plaintiffs violated the local rules, such a violation did not actually harm Moving Defendants because even if Plaintiffs complied with Local Rule 23.3, the Court would delay making a final determination on class certification until after discovery. (Doc. 34, at 17-18; Doc. 42, at 7-8). Moving Defendants fail to present any argument contesting the Court's previous prejudice analysis other than their same arguments that the Court already considered and rejected. (Doc. 42, at

5

7-8; Doc. 47, at 11-12). Moving Defendants' motion for reconsideration is based entirely on their disagreement with the prior determinations and Moving Defendants' repetitions of earlier arguments are not a basis for reconsideration. *See Qazizadeh*, 214 F. Supp. 3d at 295; *see also Ogden*, 226 F. Supp. 2d at 606; *see also Nunez*, 2025 WL 2581838, at *2; *see also Smalis*, 2024 WL 2319508, at *2; *see also In re Discipline of Elliott J. Schuchardt,* 2020 WL 6083289, at *1.

IV. **CONCLUSION**

For the foregoing reasons, Moving Defendants' motion for reconsideration is **DENIED**. (Doc. 45).

An appropriate Order follows.

BY THE COURT:

Dated: November 26, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**