**Attorneys for Plaintiff**
Margaret Hu
Bret Grote
**Abolitionist Law Center**
990 Sprint Garden, Suite 306
Philadelphia, PA 19123
(412)654-9070
bretgrote@alcenter.org
margo@alcenter.org

Douglas E. Lieb
Raymond Durham
**Kaufman Lieb Lebowitz and Frick LLP**
18 East 48th Street, Suite 802
New York, NY 10017
(212)660-2332
rdurham@kllflaw.com
dlieb@kllflaw.com

**Attorneys for Defendants**
Andrew W. Norfleet, Esquire
ID#83894
Jennifer L. Ruth, Esquire
ID #93960
**Lavery Law**
225 Market Street; Suite 304
Harrisburg, PA 17101
717-233-6633
anorfleet@laverylaw.com
jruth@laverylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KANI LITTLE; HECTOR RAMOS; JAMES PATTERSON, on their own behalf and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>DAUPHIN COUNTY; GREGORY BRIGGS, Warden of Dauphin County Prison, in his Individual Capacity; LIONEL PIERRE; Chief Deputy Warden, in his Individual Capacity; ROGER LUCAS, Custody Major, in his individual Capacity; MARK SKELTON, Lieutenant, in his Individual Capacity; and JOHN DOES No. 1-12, in their Individual Capacities,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 4:24-cv-02169<br><br>**JURY TRIAL DEMANDED** |

**JOINT CASE MANAGEMENT PLAN**

Instructions: In many cases there will be more parties in the action than there are spaces

provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

1.1 Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

The suit seeks monetary compensation for individuals who experienced a deprivation of electrical power and lighting, potable water, and heat, and on behalf of Plaintiff Kani Little, monetary compensation for unlawful and excessive use of force in the Restricted Housing Units (RHU) at Dauphin County Prison (DCP) in November and December of 2023. This blackout was deliberately inflicted by Dauphin County Prison leadership and operated in conjunction with the punitive confiscation of tablets, legal paperwork, and basic necessities such as toilet paper, showers, and religious texts.

By defendant(s):

Plaintiffs Little, Ramos, and Patterson filed a civil action against Dauphin County and a number on individual County Defendants. The Plaintiffs named up to twelve (12) John Doe defendants. Counsel for the County and the named individual Defendants do not represent the John Doe defendants. The Plaintiffs allege violations of their protected rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. The Plaintiffs seek class certification related to their claims. The County Defendants oppose class certification. The County Defendants deny Plaintiffs' allegations related to their claims and deny that the Plaintiffs suffered any deprivation of a protected right or were injured by the County Defendants.

1.2 The facts the parties dispute are as follows:

- Whether Defendants had a legitimate penological purpose in imposing deprivations to the RHU
- Whether the conditions imposed were excessive in relation to the claimed purpose
- Whether plaintiffs were held under objectively inhumane conditions posing a substantial risk of harm
- Whether DCP officials displayed deliberate indifference to plaintiffs' health and

safety

- Whether Defendants' actions were objectively reasonable
- Whether Defendants' substantially burdened plaintiffs' religious exercise
- Whether Defendants failed to make reasonable accommodations for plaintiffs' disabilities
- Whether Defendants Lucas, Skelton, Pierre, and Briggs authorized or acquiesced in excessive force used against Kani Little
- Whether Defendants Briggs, Pierre, and Skelton failed to intervene during the assault on Plaintiff Little
- Whether Plaintiff Little suffered lasting injury from Defendants' use of force
- Whether, for a period of time, plaintiffs were deprived of their tablets

Defendants:

The County Defendants deny all facts set forth by the Plaintiffs unless specifically admitted. Because Plaintiffs make different claims, both individual and class claims, against the County Defendants, which are denied, the Defendants do not agree to including the Plaintiffs as one group and dispute the facts alleged by the Plaintiffs unless specifically admitted to.

agree upon are as follows:

None at this time.

1.3 The legal issues the parties dispute are as follows:

- Whether class certification is proper
- Whether Plaintiffs' Eighth Amendment rights were violated
- Whether Plaintiffs' Fourteenth Amendment rights were violated
- Whether Plaintiffs' First Amendment rights to free exercise of religion were violated
- Whether Plaintiffs' rights under the Religious Land Use and Institutionalized Persons Act were violated
- Whether Plaintiffs' rights under the Americans with Disabilities Act were violated
- Whether Plaintiffs' rights under the Rehabilitation Act were violated
- Whether Dauphin County caused constitutional injury under municipal liability
- Whether Defendants used excessive force against Plaintiff Little

Defendants: The County Defendants dispute **all** legal issues raised by the individual Plaintiffs.

agree upon are as follows:

N/A

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

N/A

1.5 Identify any named parties that have not yet been served:

N/A

1.6 Identify any additional parties that:

plaintiff(s) intends to join:

N/A

defendant(s) intends to join:
None at this time.

1.7 Identify any additional claims that:

plaintiff(s) intends to add:

N/A

defendant(s) intends to add:
None at this time.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Plaintiffs:

| Name | Title/Position |
|---|---|
| Kani Little | |

| | |
|---|---|
| James Patterson | |
| Hector Ramos | |
| | |

Disclosed by Defendants:

| Name | Title/Position |
|---|---|
| Gregory Briggs | Warden |
| Lionel Pierre | Chief Deputy Warden |
| Roger Lucas | Major |
| Mark Skelton | Lieutenant |

## 3.0 Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss | Defendants | Filed on 02/18/2025 |

## 4.0 Discovery

4.1 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

By defendant(s):

None at this time.

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

- Interrogatories identifying members of DCP staff employed during the relevant period and putative class members held in the Restricted Housing Unit
- Interrogatories identifying drugs that were discovered in DCP including when they were discovered and the corrective action taken by DCP staff after their discovery, with accompanying documentation.
- Interrogatories identifying methods of communication between DCP Staff, Administrators, Stakeholders, and County Commissioners.
- Interrogatories identifying putative class members who were kept in DCP
- DCP policies, including but not limited to duties of care, use of restricted housing, mail, personal item confiscations, showers and out-of-cell time, use of force, religious accommodations, disability accommodations, medical care, mental health care, temperature control, cell and housing unit lighting, and disciplinary action
- DCP records of putative class members, including relevant medical, mental health, classification, and disciplinary records
- DCP records documenting environmental conditions and inventory of hygiene products and drinking water during the relevant time period
- Grievances or written complaints received by Dauphin County Prison administrators during the relevant time period
- Depositions of parties, relevant fact witnesses, and experts
- Requests for admission regarding the conditions of the Restricted Housing Unit during the blackout period

Defendants:

- The County Defendants do not waive their rights to object to any of Plaintiffs' proposed discovery requests, including requests related to Plaintiffs' request to certify their proposed class action.
- The County Defendants intend to depose the Plaintiffs related to their alleged individual claims and alleged individual damages.
- The County Defendants intend to depose relevant fact witnesses and expert witnesses.
- The County Defendants intend to serve written discovery to the individual Plaintiffs related to their alleged individual claims and alleged individual damages.
- The County Defendants reserve the right to supplement this list as new information is learned during the discovery process.

4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose

or what kinds of information would be developed through it:

Defendants:

- The County Defendants reserve and do not waive their rights to object to any of Plaintiffs' proposed discovery requests, until such time that the County Defendants review the Plaintiffs' discovery requests, including requests related to Plaintiffs' request for class certification and discovery requests related to their proposed class certification.
- The County Defendants do not waive their right to request the Plaintiffs enter into a confidentiality agreement related to certain documents, including policies and procedures that might impact on the safety of employees and inmates at the Dauphin County Prison. If necessary, the County Defendants will seek a protective order related to specific document requests.

4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

None

- The County Defendants do not waive their right to request the Plaintiffs enter into a confidentiality agreement related to certain documents, including policies and procedures that might impact on the safety of employees and inmates at the Dauphin County Prison. If necessary, the County Defendants will seek a protective order related to specific document requests.

4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): 15 defendant(s): 15

4.5.2 interrogatories to be served by:

plaintiff(s): 25 defendant(s): 25

4.5.3 document production requests to be served by:

plaintiff(s): 30 defendant(s): 30

4.5.4 requests for admission to be served by:

plaintiff(s): 25 defendant(s): 25

4.6 Discovery of Electronically Stored Information

○ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

The parties, jointly: The parties have discussed ESI protocol pursuant to M.D. Pa. LR 26.1. Defendants have notified their clients of their duties to preserve evidence related to claims and are not aware of any ESI that has been destroyed or otherwise disposed of. The parties agree that they will work together, to the extent possible, to resolve disputes regarding ESI discovery. The parties do not waive their rights to request appropriate court intervention if their efforts to resolve ESI discovery disputes are unsuccessful.

○ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0 Protective Order**

5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

- The County Defendants do not waive their right to request the Plaintiffs enter into a confidentiality agreement related to certain documents, including policies and procedures that might impact on the safety of employees and inmates at the Dauphin County Prison. If necessary, the County Defendants will seek a protective order related to specific document requests.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0 Scheduling**

6.1 Final date for joining additional parties:

_____03/06/2026__________ Plaintiff(s)
_____03/06/2026__________ Defendants(s)

6.2 Final date for amending pleadings:

____03/06/2026__________ Plaintiff(s)

____03/06/2026__________ Defendants(s)

6.3 All fact discovery commenced in time to be completed by:
__12/04/2026_______________

6.4 All potentially dispositive motions should be filed by: ____2/19/2027__________

6.5 Reports from retained experts due:

from plaintiff(s) by _____09/04/2026_

from defendant(s) by ___10/09/2026

6.6 Supplementations due ___11/06/2026

6.7 All expert discovery commenced in time to be completed by __12/04/2026

6.8 This case may be appropriate for trial in approximately:

____ 240 Days from the filing of the action in this court

__ 365 Days from the filing of the action in this court

865____ Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:

___April 2027_______ (month/year)

6.10 Trial

6.10.1 Suggested Date for Trial:

__May 2027____ (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Kani Little, Hector Ramos, and James Patterson
Name

Plaintiffs
Title

______________________________________________

______________________________________________
Address

( )____ - ______ Daytime Telephone

Andrew W. Norfleet, Esquire
Name

Defendants Counsel
Title

225 Market Street, Suite 304

Harrisburg, PA 17101 anorfleet@laverylaw.com
Address

(717)233-6633 Daytime Telephone

**8.0 Alternative Dispute Resolution ("ADR")**

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure____________________________________________

Date ADR to be commenced_______________
Date ADR to be completed_______________

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties, jointly: The parties do not preclude ADR or pre-trial settlement discussions as a

possibility. Instead, they believe such discussions are not appropriate at this juncture and reserve their rights for the same.

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
___ Harrisburg
______Williamsport

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

| | | |
|---|---|---|
| Dated: 12/18/25 | Margaret Hu, Esq.<br>990 Spring Garden Center, Suite 306<br>Philadelphia, PA 19123 | Raymond Durham<br>18 E. 48th St. Suite 802<br>New York, NY 10017 |

Attorney(s) for Plaintiff(s)

G ECF User(s)
G Waiver requested (as separate document)

G Fed.R.Civ.P.7.1 (statement filed if necessary)*

Andrew W. Norfleet, Esq.
225 Market Street
Harrisburg, PA 17101

Jennifer L. Ruth, Esq.
225 Market Street
Harrisburg, PA 17101

Dated: 12/18/25

______________________________________

Attorneys(s) for Defendant(s)

G ECF User(s)
G Waiver requested (as separate document)
G Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.