**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KANI LITTLE; HECTOR RAMOS; JAMES PATTERSON, on their own Behalf and on behalf of all others similarly situated:<br>Plaintiffs,<br><br>v.<br><br>DAUPHIN COUNTY; GREGORY BRIGGS, Warden of Dauphin County Prison, in his Individual Capacity; LIONEL PIERRE, Chief Deputy Warden, in his Individual Capacity, ROGER LUCAS, Custody Major, In his Individual Capacity; MARK SKELTON, Lieutenant, in his Individual Capacity; and JOHN DOES No. 1-12, in their Individual Capacities,<br>Defendants | Civil Action No. 4:24-cv-02169<br><br>**JURY TRIAL DEMANDED** |

**STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OF DAUPHIN COUNTY**

Plaintiffs have requested that Defendant Dauphin County ("the County") produce relevant policies, procedures, training documents, relevant portions of personnel files, relevant photographs, relevant videos, and relevant investigation materials if any of the requested items exist.

This Protective Order is entered pursuant to Fed. R. Civ. P. 26(c) upon a showing of good cause. It is narrowly tailored to protect confidential, private, and security sensitive information. To facilitate the production of discovery and because the contents of discovery include confidential information, including identifying information related to persons other than the parties of this suit, Plaintiffs and Defendants agree as follows:

1. When designated as such, each page of the Confidential/Proprietary Documents will be marked "Confidential."

2. Confidential/Proprietary Information means information that the Producing Party demonstrates, with particularity and for good cause a clearly defined and serious injury. Confidential/Proprietary Information may include personal identifying and private security information such as personal confidential information, surveillance footage of restricted areas or security procedures, or camera angles. Materials shall not be designated Confidential/Proprietary merely because they are produced in discovery or are designated as such in good faith absent a specific, articulated Rule 26(c) showing. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

2.1 Confidential/Proprietary Information shall also include, in addition to any information otherwise designated as confidential pursuant to this Agreement,

information of a commercially sensitive or competitively valuable nature belonging to a third-party vendor, contractor, or professional associated with a Producing Party, including but not limited to trade secrets, non-public business strategies, financial data, technical data, or software configurations. Confidential/Proprietary Information shall include such materials regardless of the form in which they are maintained, including paper documents, electronically stored information, metadata, and tangible things.

3. The Confidential/Proprietary Documents or any part of them may be used only in connection with this action, and not for any other purpose. Likewise, the information contained in the Confidential/Proprietary Documents shall be preserved and not disclosed. Further, neither the Confidential Documents nor any information contained in the Confidential/Proprietary Documents may be disclosed to anyone except as provided in this Confidentiality Stipulation/Agreement.

4. The Confidential/Proprietary Documents and any copies or excerpts of them may be made available only to the following:

a. Counsel of record for the Receiving Party engaged in the proceedings to this action and their employees and the parties to this action;

b. The Court in this proceeding, including all of its legal and

clerical personnel, or any judicial body before which this action is subsequently pending;

c. Experts or consultants retained to assist in this litigation;

d. Representatives of the parties to this action who are actively involved in assisting counsel and who agree, by signing an acknowledgment as provided for in the following section of this order, to use the information solely for this action; and

e. Any other person mutually agreed to in writing by the parties and who agrees to use the information solely for this action.

5. Each person falling within categories 3(c), 3(d), and 3(e) to whom the Confidential/Proprietary Documents are given, shown, or made available to by an adverse party must first be provided with a copy of this Confidentiality Stipulation/Agreement for review and must sign an Agreement, attached to this Confidentiality Stipulation/Agreement as **Exhibit A**, not to disclose or to use such information except in accordance with the terms of this Confidentiality Stipulation/Agreement. Counsel of record for each party shall maintain a copy of the signed Confidentiality Stipulation/Agreement of all respective agreements signed by persons who have received or reviewed the Confidential/Proprietary Documents, copies of which shall be furnished to the Producing Party.

6. Before disclosure is made to persons in category 3(e), counsel for the party to which the Confidential/Proprietary Documents are produced must provide advance notice to the other parties to this Stipulation/Agreement of its intent to disclose before disclosing the Confidential/Proprietary Documents or their contents. The parties agree that any person described in category 3(d) shall be bound by the same disclosure restrictions as agreed to by the parties and counsel for the parties.

7. The use of the Confidential/Proprietary Documents at a hearing or trial shall be subject to such an Order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved after due notice and the opportunity to be heard has been given to the Producing Party. The parties stipulate that if any party determines it is necessary to file papers that incorporate specific and identifiable content from a document deemed as Confidential or otherwise reveal the contents thereof, all objections of the parties shall be consistent with applicable Federal and Local District Court rules and the filing party shall seek permission to file the materials under seal in accordance with the Individual Practices of the judge before whom the filing is being made. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. This provision does not apply to the filing of an expert report.

7.1 Timing of Challenges. Plaintiffs may challenge the designation of confidentiality at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, Plaintiffs do not waive their right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 Burden of Proof-In any challenge to a confidentiality designation, the Producing Party bears the burden of establishing that the designation is proper under Rule 26(c).

7.3 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describe the basis for each challenge, including the relevant section(s) of this Agreement. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly by phone, virtual meeting, or in person within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must allow the Designating Party to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this

meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.4 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may contact the Court to schedule a telephone conference within thirty (30) days of the initial notice of challenge and request the Court to remove the designation in accordance with the Court's Individual Practices. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Confidential designation until the Court rules on the challenge.

8. When any such document is included in any authorized transcript of a deposition or the exhibits thereto, arrangements shall be made by the party noticing the deposition with the court reporter taking the deposition to bind that portion of the transcript and label it "CONFIDENTIAL."

9. This Confidentiality Stipulation/Agreement shall continue to be in effect after the end of the litigation of this matter. The parties further agree that the return or destruction of any confidential documents shall be done in accordance with the Pennsylvania Rules of Professional Conduct and/or within sixty (60) days after final disposition of this action, all Confidential Information shall be returned or

destroyed, except that counsel may retain archival copies of pleadings, motion papers, transcripts, and attorney work product.

10. Sealing of Court Records-A Confidentiality designation under this Order does not create a presumption that material may be filed under seal. Any party seeking to seal materials must comply with M.D. Pa. Local Rule 5.4 and applicable Third Circuit precedent, and bears that burden of demonstrating that sealing is warranted. No party waives the right to oppose sealing.

11. Rule 502(d) Claw-Back-Pursuant to Fed. R. Evidence 502(d), the production of documents, electronically stored information (ESI), or other materials in this action that are subject to a claim of attorney client privilege or work-product production shall not constitute or be deemed a waiver or forfeiture or any privilege or protection, either in this action or in any other federal or state proceeding. Upon written notice of inadvertent production, the receiving party shall promptly return, sequester, or destroy the specified material and any copies, and shall not make use of and/or disclose such material until the claim is resolved.

12. This Confidentiality Stipulation/Agreement may be modified only by Court Order or by written agreement of the parties.

[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties by their undersigned counsel have executed this Confidentiality Stipulation/Agreement as of ___, ___________, 2026.

Date: __________ By: ______________________________
Counsel for Plaintiff

Date: ______ By: _____________________________________
Counsel for Dauphin County and the Individual County Defendants

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KANI LITTLE; HECTOR RAMOS; JAMES PATTERSON, on their own Behalf and on behalf of all others similarly situated: Plaintiffs, | : | Civil Action No. 4:24-cv-02169 |
| v. | : | **JURY TRIAL DEMANDED** |
| DAUPHIN COUNTY; GREGORY BRIGGS, Warden of Dauphin County Prison, in his Individual Capacity; LIONEL PIERRE, Chief Deputy Warden, in his Individual Capacity, ROGER LUCAS, Custody Major, In his Individual Capacity; MARK SKELTON, Lieutenant, in his Individual Capacity; and JOHN DOES No. 1-12, in their Individual Capacities, Defendants | : | |

# AGREEMENT

I hereby acknowledge that I will be given access to Confidential/Proprietary Documents so designated in this case, and I understand that such information is subject to a Confidentiality Stipulation/Agreement between Plaintiff and counsel for the parties, and that I further acknowledge:

1. I have read the Confidentiality Stipulation/Agreement;

2. I have been advised by counsel in this case that my access to the Confidential/Proprietary Documents is conditional upon my agreement to be bound by the Confidentiality Agreement; and

3. I hereby agree to be legally bound by the terms of the Confidentiality Stipulation/Agreement, and any Order of Court issued incidental to it.

Date: ___________

________________________________________
Signature

________________________________________
Name

________________________________________

________________________________________
Address

Role in this case _________________________