UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KANI LITTLE, *et al.*<br>Plaintiffs, | CIVIL ACTION NO. 4:24-CV-2169 |
| v. | (Judge Mehalchick) |
| DAUPHIN COUNTY, *et al.*, | (Magistrate Judge Latella) |
| Defendants. | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This counseled civil rights action was initiated by the filing of a Complaint on December 17, 2024.  (Doc. 1).  The Plaintiffs, Kani Little, Hector Ramos, and James Patterson, were all at one time confined in the Restrictive Housing Unit (RHU) at the Dauphin County Prison (DCP) and allege violations of several of their rights based on the conditions of confinement at the DPC RHU.  They seek to proceed on behalf of themselves and others similarly situated.  A motion for class certification has not yet been filed, and this putative class action is in the precertification discovery phase.

On March 13, 2026, Plaintiffs filed a letter regarding a discovery dispute.  (Doc. 66).  Defendants responded by letter filed March 26,

1

2026.  (Doc. 67).  On March 27, 2026, the Court scheduled a telephonic discovery conference for April 2, 2026.  (Doc. 38).  On March 30, 2026, Plaintiffs filed a letter asserting that previously agreed on discovery was not provided by the Defendants.  (Doc. 69).

On April 2, 2026, the Court held a discovery conference during which some progress was made regarding the issues raised in Plaintiffs' March 13, 2026, letter.  However, because a legitimate discovery dispute remained, the parties were given leave to file motions to compel discovery and a briefing schedule was provided.  Additionally, Plaintiffs requested an order requiring the Defendants to provide discovery that was previously agreed on.  The parties were directed to file a proposed order specifying the items that were agreed on but not yet provided.  On April 10, 2026, Plaintiff filed a letter with an attached proposed Order. (Doc. 73).  To the extent that the items identified in the attachment to Plaintiffs' letter, (Doc. 73-1), have not been provided by Defendants, Defendants will be directed to provide the requested discovery within fourteen days or, if a good faith basis for an objection to the request exists, to file a letter specifying 1) that the item was not previously agreed upon, and 2) the basis for the objection.

Additionally, on April 10, 2026, Plaintiffs filed a motion to extend the deadlines to amend pleadings and/or join parties and to move for class certification.  (Doc. 72).  Defendants do not concur in that motion. Given that a precertification discovery dispute exists and will not be resolved until after motion and extensive briefing, and that previously agreed on discovery remains outstanding, the modest extension sought by Plaintiffs is reasonable and good cause for an extension exists.

**ACCORDINGLY**, this 16th day of April, 2026, **IT IS HEREBY ORDERED THAT**:

1) Within fourteen (14) days of this Order, Defendants shall provide Plaintiffs with any agreed-on discovery as specified in Document 73-1, or if a good faith basis for an objection exists, file a letter with the Court indicating that the item(s) was/were not agreed on and the basis for the objection.

2) Plaintiffs' Motion to Extend Deadlines, (Doc. 72), is **GRANTED**.  The deadline to amend pleadings and/or join additional parties is extended from April 10 to June 12, 2026; and deadline for Plaintiffs to move for class certification is extended from May 11 to July 13, 2026.

**/s/ Leo A. Latella**
Leo A. Latella
United States Magistrate Judge

3