# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KANI LITTLE; HECTOR RAMOS;          :
JAMES PATTERSON, on their own
behalf and on behalf of all others   :
similarly situated;                  :    Civil Action No. 4:24-cv-02169

       Plaintiffs,                :

                                  :

       v.                         :    **JURY TRIAL DEMANDED**

                                  :

DAUPHIN COUNTY; GREGORY             :
BRIGGS, Warden of Dauphin County
Prison, in his Individual Capacity;  :
LIONEL PIERRE; Chief Deputy
Warden, in his Individual Capacity;  :
ROGER LUCAS, Custody Major, in
his individual Capacity; MARK        :
SKELTON, Lieutenant, in his
Individual Capacity; and JOHN DOES   :
No. 1-12, in their Individual
Capacities,                          :

       Defendants.

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

1.    This action arises from cruel and wanton conditions Defendants imposed on the Restricted Housing Unit (RHU) at Dauphin County Prison (DCP), whereby incarcerated persons were deprived of access to heat, electricity, basic

1

hygiene products, religious materials, regular recreation time, and any form of communication for approximately three weeks. *See generally* Compl. (ECF No. 1).

2.      These deprivations were deliberately and systematically inflicted by Warden Gregory Briggs and Deputy Warden Lionel Pierre, retributively punishing incarcerated persons under the alleged and grossly inappropriate guise of addressing smoking within the facility. Dauphin County, and its County Jail Oversight Board specifically, are also responsible in their role as final municipal policymakers regarding prison administration and supervisory oversight of DCP's warden. *Id*.

3.      On October 10, 2025, Plaintiffs sought reasonable discovery to prove these claims from Defendants. As fully outlined in Plaintiffs' previously submitted discovery dispute letter (ECF No. 66), those requests included information regarding identities of incarcerated individuals detained in the RHU during the deprivation period, records of disciplinary actions taken against them, copies of any grievances they submitted, and their DCP records. Plaintiffs also requested Defendants "[i]dentify any and all drugs that were discovered or reported in DCP" from January 1, 2020 to present and any staff who were found to have smuggled in drugs, as well as processes, protocols, and policies regarding use-of-force and discipline from 2023 to 2024.

4.      For nearly six months, despite Plaintiffs' repeated and consistent inquiries, Defendants have refused to comply with these requests, delaying

Plaintiffs' efforts to seek justice for the inhumane conditions suffered by themselves and dozens of their peers.

5. Plaintiffs certify "that the parties, after reasonable effort, are unable to resolve the dispute" concerning this discovery. Fed. R. Civ. P. 37(a)(1). Indeed, the parties met and conferred on February 10, 12, and 17, 2026 for over four hours, cumulatively, to discuss their respective positions regarding discovery items and while able to come to agreement on many items, a few disputes remained.[1] The parties met again in front of this Court on April 2 to further discuss their disputes, yet could still not reach agreement. Thus, substantial attempts at a negotiated resolution to this dispute have ended in an impasse.

6. The requested discovery is both "relevant to [Plaintiffs'] claim[s] . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

7. Accordingly, and for further reasons that will be provided in the brief accompanying this Motion, Plaintiffs hereby move to compel this discovery. *See* Fed. R. Civ. P. 37(a)(1) (authorizing motions "for an order compelling disclosure or discovery").

---

[1] The specific requests that are disputed and the subject of this motion are attached as an exhibit. Plaintiffs still make efforts, in good faith, to reach an agreement with Defendants about written materials regarding DCP use-of-force and discipline from 2023 and 2024. Should the parties come to a consensus prior to Plaintiffs' briefing deadline, Plaintiff's will notify the Court and exclude the same from Plaintiffs' briefs.

Respectfully submitted,


 /s/ Margaret Hu

ABOLITIONIST LAW CENTER

Bret Grote
Margaret Hu
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, Pennsylvania 19123
412-654-9070
bretgrote@alcenter.org
margo@alcenter.org


 /s/ Raymond Durham

KAUFMAN LIEB LEBOWITZ & FRICK
LLP

Douglas E. Lieb
Raymond Durham
18 East 48th Street, Suite 802
New York, New York 10017
(212) 660-2332
dlieb@kllf-law.com
rdurham@kllflaw.com

* Admitted *pro hac vice*

Dated: April 16, 2026

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KANI LITTLE; HECTOR RAMOS; JAMES PATTERSON, on their own behalf and on behalf of all others similarly situated;    :

   :

   :   Civil Action No. 4:24-cv-02169

        Plaintiffs,    :

   :

     v.    :   **JURY TRIAL DEMANDED**

   :

DAUPHIN COUNTY; GREGORY BRIGGS, Warden of Dauphin County Prison, in his Individual Capacity; LIONEL PIERRE; Chief Deputy Warden, in his Individual Capacity; ROGER LUCAS, Custody Major, in his individual Capacity; MARK SKELTON, Lieutenant, in his Individual Capacity; and JOHN DOES No. 1-12, in their Individual Capacities,    :

   :

   :

   :

   :

   :

   :

   :

        Defendants.

## STATEMENT OF CERTIFICATION PURSUANT TO LOCAL RULE 26.3

I, Margaret Hu, Esquire, counsel for the Plaintiffs, hereby certify that Plaintiffs' counsel has conferred with counsel for Defendants via multiple letters, emails, and four telephonic conferences in a good-faith effort to resolve the discovery issues that are the subject of this motion. After reasonable effort, the parties are unable to resolve this dispute.

Respectfully submitted,


/s/ Margaret Hu

_____

ABOLITIONIST LAW CENTER

Margaret Hu
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, Pennsylvania 19123
412-654-9070
margo@alcenter.org

Dated: April 16, 2026

## **<u>CERTIFICATE OF SERVICE</u>**

I, Margaret Hu, hereby certify that a true and correct copy of the foregoing Motion to Compel was filed via the Court's CM/ECF system on April 16, 2026, and therefore served on the following:

> Andrew Norfleet
> Jennifer Ruth
> Suzanne Tighe
> AWNorfleet@mdwcg.com
> jlruth@mdwcg.com
> sstighe@mdwcg.com
> 200 Corporate Center Drive
> Suite 300
> Camp Hill, PA 17011
>
> *Counsel for Defendants*

/s/ Margaret Hu

ABOLITIONIST LAW CENTER

Margaret Hu
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, Pennsylvania 19123
412-654-9070
margo@alcenter.org