# Exhibit 1

**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

February 18, 2026

**By Email**

Andy Norfleet (AWNorfleet@mdwcg.com)
Jenn Ruth (JLRuth@MDWCG.com)

Re:    *Little et al. v. Dauphin County et al.*, No. 4:24-CV-2169

Dear Andy and Jenn:

This letter summarizes where we believe the parties stand regarding Defendants' responses to Plaintiffs' first set of interrogatories and requests for production of documents, following the parties' meet-and-confer calls on 2/10, 2/12, 2/17. All of the below is subject to entry of the confidentiality order and Defendants' right to designate responsive material thereunder (as well as Plaintiffs' right to object to any designations.)

Please let us know at your earliest convenience if you disagree with any of the below. In general, the discussion of the Interrogatories below also covers Request for Production #1, seeking all documents identified in response to interrogatories.

- **Interrogatory #1**: Plaintiffs narrow to: <<Name, rank, and dates of assignment of all DCP security staff who worked in the RHUs during the Deprivation Period.>> Defendants to answer.

- **Interrogatory #2**: Plaintiffs narrow to: <<Name, job title and, if available, job description of all DCP maintenance staff during the Deprivation Period.>> Defendants to answer.

- **Interrogatory #3**: Defendants to answer by identifying each utility that was disabled for a period of longer than 24 hours in the RHUs during the Deprivation Period; the dates in question; and any DCP staff members involved in directing or carrying out the task.

- **Interrogatory #4**: Defendants have clarified that medical records are not in their possession, custody, or control, but Plaintiff Little will provide an executed HIPAA release in case. Defendants will review and produce use-of-force and disciplinary paperwork for incidents involving Plaintiff Little during the Deprivation Period and identify DCP correctional staff involved therein.

- **Interrogatory #5**: The parties are at an impasse as to materials relating to use-of-force incidents or disciplinary actions involving nonparty incarcerated people in the RHUs during the Deprivation Period. Plaintiffs will seek judicial relief.

Alanna Kaufman* · Douglas E. Lieb‡ · David A. Lebowitz · Alison Frick*

Alyssa Isidoridy · Ray Durham† · Shirley LaVarco**

*Also admitted in New Jersey  ‡Also admitted in California and Connecticut  †Also admitted in Maryland  **Only admitted in New Jersey and D.C.

- **Interrogatory #6**: The parties are at an impasse as to the requested information for nonparty incarcerated people in the RHUs during the Deprivation Period. Plaintiffs will seek judicial relief.

- **Interrogatory #7**: Plaintiffs narrow the scope to <<illicit drugs>> rather than <<drugs>>. In response to Defendants' inquiry as to whether we would be willing to limit the temporal scope, we have conferred and decline to do so, so we believe we are at an impasse and intend to seek judicial relief.

- **Interrogatory #8**: Plaintiffs narrow the scope to <<illicit drugs>> rather than <<drugs>>; limit the scope to substantiated allegations; strike the word <<conspired>>. In response to Defendants' inquiry as to whether we would be willing to limit the temporal scope, we have conferred and decline to do so, so we believe we are at an impasse and intend to seek judicial relief.

- **Interrogatories #9 and #10**: Defendants will provide any responsive information concerning the "on or about" dates set forth in the definitions of <<Personal Item Seizure>> and <<Tablet Seizure>>.

- **Interrogatory #11**: Defendants object; Plaintiffs will consider the appropriate course in light of Defendants' representation that the medical information for incarcerated persons in the RHUs during the Deprivation Period is not in their possession, custody, or control.

- **Interrogatory #12**: Defendants will provide any responsive information as to named Plaintiffs, to the extent documented. The parties are at an impasse as to information relating to nonparty incarcerated individuals housed in the RHUs during the Deprivation Period, and Plaintiffs will seek judicial relief.

- **Interrogatory #13**: Defendants to answer in a manner that generally identifies the nature of the available religious materials, rather than the specific name of every single file. (To take a hypothetical example, <<The Christian Bible>> or <<A collection of approximately 10 prerecorded sermons by an imam>> rather than <<The New Revised Standard Version Updated Edition Bible>> or a list of specific dates and titles of sermons.)

- **Interrogatories #14-16**: Plaintiffs clarify that "disciplinary action" in Interrogatory #16 pertains to discipline of incarcerated people. Defendants to provide the requested policies as of the Deprivation Period. Plaintiffs agree that Defendants have not waived their objection to providing any prior or subsequent policies by doing so. The parties are at an impasse as to the prior and subsequent policies for the rest of the requested time period, and Plaintiffs will seek relief as to that sub-issue.

- **Interrogatory #17**: Plaintiffs agree to treat Briggs and Pierre's work phone numbers as Attorneys' Eyes Only. We await Defendants' position on identifying them in response.

- **Interrogatory #18**: Defendants to provide any formal complaint and/or grievance procedure in effect during the Deprivation Period.

- **RFP #2**: Plaintiffs narrow to emails and text messages to or from Briggs or Pierre concerning conditions in the RHU during the Deprivation Period, from 9/1/23 to 3/1/24. The parties are at an impasse as to 9/1/23 to the beginning of the Deprivation Period, and Plaintiffs will seek judicial relief as to that portion. Defendants to produce responsive communications from during the Deprivation Period, and defense counsel will recommend to the Solicitor to produce such communications from the end of the Deprivation Period through 3/1/24. No search terms necessary.

- **RFP #3**: Plaintiffs narrow to <<All documents concerning the inventory of hygiene products and drinking water in the RHUs during the Deprivation Period.>> Defendants to produce responsive documents.

- **RFP #4**: Plaintiffs clarify that this request seeks correctional/jail records from DCP, not PA Department of Correction records. The parties are at an impasse regarding materials pertaining to nonparty incarcerated persons housed in the RHUs during the Deprivation Period, and Plaintiffs will seek judicial relief.

- **RFP #5**: Defendants will produce any work orders, maintenance records, inspection reports, or unit log book entries concerning environmental conditions (i.e., heat, water, electricity, sanitation) in the RHUs during the Deprivation Period. Defendants will produce any grievances/complaints submitted by named Plaintiffs concerning the same. The parties are at an impasse as to grievances/complaints submitted by nonparty incarcerated persons concerning conditions in the RHUs during the Deprivation Period, and Plaintiffs will seek judicial relief as to that sub-issue.

- **RFP #6**: Defendants will produce General Orders in effect during the deprivation period addressing the topics identified in the bulleted list in the original RFP.

- **RFP #7**: Similar to RFP #5, Defendants to produce responsive grievances or written complaints submitted during the Deprivation Period by named Plaintiffs that concern conditions in the RHUs. The parties are at an impasse relating to grievances/complaints submitted by nonparty incarcerated persons, and Plaintiffs will seek judicial relief on that issue. As to temporal scope, Defendants will ascertain whether any such materials submitted by named Plaintiffs exist from the end of the Deprivation Period through 4/30/04.

- **RFP #8**: Plaintiffs narrow to video depicting any use of force involving Plaintiff Little; Defendants to produce.

-    **RFPs #9 and 10**: Plaintiffs narrow to disciplinary files for the individually named Defendants only. Plaintiffs will agree to exclude any materials relating solely to lateness, timeliness, attendance and/or shift staffing from the responsive disciplinary files. We await Defendants' position on producing the four disciplinary files with that limitation.

-    **RFPs #11-12**: Defendants will search for a chain-of-command chart applicable during the Deprivation Period, which, if produced, would satisfy these requests. If no such document exists, the parties will revisit the issue.

Sincerely yours,

/s/

Douglas E. Lieb (*pro hac vice*)
Raymond Durham (*pro hac vice*)

ABOLITIONIST LAW CENTER

Bret Grote
Margaret Hu (*pro hac vice*)