**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KANI LITTLE, *et al.*,<br>Plaintiffs,<br>v.<br>DAUPHIN COUNTY, *et al.*,<br>Defendants. | CIVIL NO. 4:24-CV-02169<br>(Judge Mehalchick)<br>(Magistrate Judge Latella) |

**ORDER**

**AND NOW**, this 30th day of September, 2026, for the reasons stated in the Memorandum filed simultaneously herewith, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel the production of discovery (Doc. 75) is **GRANTED IN PART** and **DENIED IN PART** as follows:

Defendants are ordered to identify:

1. Each and every member of DCP Staff, by name, who authorized, witnessed, reported, participated in, or documented any use of force or disciplinary action taken against any of the persons kept

in RHUs during the Relevant Period[1], including medical staff who treated any person for their injuries.

2. All persons who were kept in RHUs during the Relevant Period for longer than 24 cumulative hours by name, housing unit, date of placement in RHUs, status of incarceration (i.e., whether someone was being held pre-trial or convicted), reason for being kept in RHUs, and any inmate identifier.

3. All illegal drugs discovered or reported in DCP during and one year prior to the Relevant Period. Accompanying each illegal drug identified should include: the number of times it was discovered, the date(s) for each time it was discovered, and the source of the drug. The source of the drug should not reveal a specific staff member or inmate; the information should be general ("inmate" or "staff," for example).

4. Incidents, during and one year prior to the Relevant Period, involving staff members in possession of illegal drugs in the DCP. Defendants must identify each incident in a way that does not

[1] The "Relevant Period" is the time from November 15, 2023 to December 22, 2023. While the parties might refer to this time period as the "Deprivation Period," the Court refers to it as the "Relevant Period."

reveal the identity of staff members involved. For each incident, Defendants must identify the date each incident took place, the rank or title of the employee involved, whether disciplinary measures were taken against the employee following the incident, and if the employee was terminated because of the incident.

5. All written DCP processes, protocols, and/or policies, in place from January 2023 to January 2024, concerning use of force and employee disciplinary action.

Defendants are ordered to produce:

1. De-identified grievances or written complaints received by DCP Staff, DCP administrators, DCP Stakeholders, or County Commissioners from November 15, 2023, to April 30, 2024 relating to events dated during the Relevant Period. Plaintiffs are entitled to material from the underlying grievances or written complaints pertaining to conditions alleged to have taken place in the RHUs during the relevant period, such as: environmental conditions, utility systems, temperature inside the cell units, lack of bedding or clothing, running water, treatment of incarcerated persons kept in RHUs, use of force, medication or medical

attention, food and/or water, out-of-cell time (e.g., shower and recreation time), the Personal Item Seizure, and/or the Tablet Seizure, and any responses thereto or written communications related thereto. All grievances produced relating to non-party inmates must de-identified so that the documents cannot be tied to particular inmates.

2. Aggregated and de-identified Department of Correction medical records pertaining to specific medical incidents or events during the Relevant Period. Defendants can satisfy this request by providing an inventory of inmate requests for medical treatment during the Relevant Period, numbering each medical incident and labelling each by medical condition. Defendants are not ordered to produce the underlying medical records for non-party inmates for each incident.

3. Data demonstrating the number of disciplinary incidents during the Relevant Period. Defendants can satisfy this request by providing an inventory of each disciplinary event during the Relevant Period, numbering each incident and labeling the incident by reason for discipline. Defendants are not ordered to

produce the underlying disciplinary records for non-party inmates for each incident.

4. DCP written policies, General Orders, training materials, or other written guidance concerning the following topics from January 2020 to present:
    a. Use of solitary confinement;
    b. Inmates' access to electronic and physical mail; and
    c. Use of force and use of force reporting.
5. Publicly accessible DCP written policies, General Orders, training materials, or other written guidance from January 2020 to present.

**/s/ Leo A. Latella**
**Leo A. Latella**
**United States Magistrate Judge**