**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KANI LITTLE; HECTOR RAMOS; JAMES PATTERSON, on their own behalf and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>DAUPHIN COUNTY; GREGORY BRIGGS, Warden of Dauphin County Prison, in his Individual Capacity; LIONEL PIERRE; Chief Deputy Warden, in his Individual Capacity; ROGER LUCAS, Custody Major, in his individual Capacity; MARK SKELTON, Lieutenant, in his Individual Capacity; and JOHN DOES No. 1-12, in their Individual Capacities,<br><br>Defendants. | No. 4:24-CV-02169-WIA<br><br>(Judge Mehalchik)<br><br>(Magistrate Judge Latella) |

**PLAINTIFFS' CONSENT MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE MANAGEMENT DEADLINES**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 7.1, on consent of all parties, Plaintiffs Kani Little, Hector Ramos, and James Patterson respectfully move to modify the Court's scheduling order, ECF No. 54, and to reset the joint case management plan deadlines ("JCMP deadlines") in light of the Court's September 30, 2026 Order compelling Defendants to produce additional discovery. ECF No. 87. Plaintiffs request that the deadline to amend the pleadings and join parties be set 30 days after December 31, 2026—the last date by

which Plaintiffs have asked Defendants to complete the compelled production—and that the remaining JCMP deadlines be extended accordingly.

In support of this motion, the undersigned represents as follows:

## I. Procedural History

1. On April 16, 2026, Plaintiffs moved to compel discovery concerning (i) information related to non-party witnesses and putative class members, (ii) substantiated findings of illicit drugs in Dauphin County Prison ("DCP"), and (iii) DCP policies, practices, and procedures. ECF Nos. 75, 76. The motion was fully briefed on June 4, 2026.

2. On May 29, 2026, Plaintiffs moved, on consent, to modify the scheduling order given the outstanding motion to compel. ECF No. 81. Plaintiffs explained that the outstanding discovery would directly affect their ability to identify Doe defendants, decide whether to amend the complaint or join additional parties, prepare their experts, conduct depositions, and move for class certification. *Id.* ¶ 18. Plaintiffs asked that, if the Court granted the motion to compel and ordered production by a date certain, the JCMP deadlines be extended to 60 days after that date. *Id.* ¶ 20. The Court granted Plaintiffs' motion, staying all discovery deadlines pending resolution of the motion to compel. ECF No. 82.

3. On September 30, 2026, the Court granted in part Plaintiffs' motion to compel and ordered Defendants to produce the names of DCP staff who witnessed

or participated in any use of force or disciplinary action taken against persons in the Restricted Housing Units ("RHUs"), information about all persons who were kept in the RHUs during the Relevant Period[1] (including name, housing unit, date of placement in RHUs, status of incarceration, reason for being kept in RHUs, and inmate identifiers), information about all illegal drugs discovered or reported in DCP during and one year prior to the Relevant Period (accompanied by the number of times each was discovered, the date of each discovery, and the source of each), incidents involving staff members in possession of illegal drugs in DCP during and one year prior to the Relevant Period, and all written DCP processes, protocols, and/or policies in place from January 2023 to January 2024 concerning use of force and employee disciplinary action. The Court also ordered Defendants to produce de-identified grievances or written complaints related to events dated during the Relevant Period, de-identified and aggregate medical records pertaining to specific medical incidents or events during the Relevant Period, data demonstrating the number of disciplinary incidents during the Relevant Period, relevant DCP written policies concerning the use of solitary confinement, inmates' access to electronic and physical mail, use-of-force reporting, and publicly accessible written policies

[1] Per the Court's Order, ECF No. 87, the "Relevant Period" is the time from November 15, 2023 to December 22, 2023.

from January 2020 to the present. ECF No. 87. The Order did not set a date for completion of the production.

4. On October 28, 2026, the parties discussed the timeframe to complete the production required by the September 30 Order, agreeing to December 15, 2026 or forty-five (45) days from the date of the Order granting this Motion with Defendants ability to request an extension through December 31, 2026, if necessitated by the volume of production, except as to documents previously produced with redactions that are encompassed in the Court's September 30 Order, including but not limited to unredacted P-Block lists (e.g., DEF-130, 170, 355-58), which shall be produced by November 16, 2026.

## II. Good Cause Exists to Modify the Scheduling Order

5. A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here. Plaintiffs have pursued the discovery at issue diligently: they served their requests in October 2025, met and conferred repeatedly, raised the disputes with the Court promptly, and moved to compel on the schedule the Court set. ECF No. 81 ¶¶ 1–8. The Court has now ordered that the discovery be produced.

6. The compelled discovery bears directly on the deadlines Plaintiffs seek to extend. Information about other incarcerated people held in the RHUs during the Relevant Period is necessary to identify Doe defendants and putative

class members and to prepare Plaintiffs' motion for class certification. Information about illicit drugs in DCP bears on Defendants' asserted justifications for the conditions at issue and on the scope of Plaintiffs' claims and expert analysis. Plaintiffs cannot meaningfully decide whether to amend or join parties, finalize expert reports, or move for class certification until they have received and reviewed that material.

7. Plaintiffs propose that the deadline to amend the pleadings and join parties be set 77 days after October 30, 2026, i.e., January 15, 2027, and that each remaining deadline be extended by at least as much time, giving due consideration to the amount of discovery still left to be produced and the sequencing of the Court's previous scheduling orders.

8. The parties additionally suggest changing the sequencing for expert reports and Plaintiffs' time to move for class certification. Under the current schedule, Plaintiffs' expert reports are due on the same day as their motion for class certification. But the Third Circuit has made clear that a court may not rely on challenged expert testimony that is critical to class certification unless it finds that the testimony satisfies *Daubert*. *See, e.g.*, *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) ("We join certain of our sister courts to hold that a plaintiff cannot rely on challenged expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless the plaintiff also

demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*.”). As such, the parties’ proposed schedule below builds in time for expert discovery to close before a motion for class certification is required.

9. The current and proposed deadlines are as follows:[2]

| **Deadline** | **Current** | **Proposed** |
|---|---|---|
| Amendment of pleadings / joinder of parties | June 12, 2026 | January 31, 2027 |
| Fact Discovery | December 4, 2026 | April 30, 2027 |
| Plaintiffs’ expert reports | July 13, 2026 | May 31, 2027 |
| Defendants’ expert reports | October 6, 2026 | June 30, 2027 |
| Supplementations | November 6, 2026 | July 31, 2027 |
| Motion for Class Certification | July 13, 2026 | September 30, 2027 |
| Dispositive motions | February 19, 2027 | December 31, 2027[3] |

10. The requested modification will not prejudice any party. It is tied to the completion of discovery the Court has already ordered, and it largely preserves the sequence and spacing of the deadlines the Court previously approved, taking into consideration the demands of expert discovery and class certification.

[2] Although not included in the JCMP deadlines, Plaintiffs’ deadline to file a motion for class certification will also be directly affected by the outstanding production, and Plaintiffs therefore request an in-kind extension of that deadline as well. See ECF No. 81 at 8 n.1.

[3] The parties recognize that this date is three months after the proposed class certification deadline. Thus, the Court may not have issued a ruling regarding class certification until after this proposed deadline. As an alternative, the parties also consent to a 60-day deadline for dispositive motions tied to the Court’s ruling on the class certification motion.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and enter the proposed Order filed with this Motion.

Dated: November 6, 2026

KAUFMAN LIEB LEBOWITZ
& FRICK LLP

/s/ Raymond Durham

Raymond Durham*
Douglas Lieb*
Kaufman Lieb Lebowitz & Frick LLP
18 East 48th Street, Suite 802
New York, NY 10017
rdurham@kllflaw.com
dlieb@kllflaw.com
(212) 660-2332

Abolitionist Law Center
Bret Grote
Nia Holston
Lolo Serrano
990 Spring Garden Street, Suite 306
Philadelphia, PA 19123
bretgrote@alcenter.org
nia@alcenter.org
lolo@alcenter.org
(412) 654-9070

*Admitted pro hac vice

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONCURRENCE

Pursuant to Local Rule 7.1, I certify that on November 6, 2026, I sought the concurrence of counsel for Defendants in this motion, and Defendants concur in the relief requested.

/s/ Raymond Durham

Raymond Durham

## CERTIFICATE OF SERVICE

I, Ray Durham, hereby certify that the foregoing Motion to Modify the Scheduling Order was filed via the Court's CM/ECF system on November 6, 2026, and therefore served on the following:

Jennifer L. Ruth, Esquire
Andy Norfleet
Kyle T. McGee
Kelly Mazer
Marshall Dennehey, P.C.
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
jlruth@mdwcg.com
AWNorfleet@mdwcg.com
KMMazer@mdwcg.com
KTMcGee@mdwcg.com
Counsel for Defendants Dauphin County, Gregory Briggs, Lionel Pierre, Roger Lucas, and Mark Skelton

*Attorneys for Defendants*

/s/ Raymond Durham

Raymond Durham